## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1903.

---

*( Continued from Volume 102.)*

## KENNEDY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, December 1, 1903.**

1. **INSTRUCTIONS: Sufficiency of.** If the instructions of the trial court, taken as a whole and read together, submit the issues fairly, are not calculated to mislead the jury, are harmonious, consistent and embrace all the issues, they are sufficient.

2. **PLEADING: Elements of Damage: Proof of Pain and Anguish.** It is not necessary to plead or make specific proof of bodily pain and mental anguish, in order to make them elements of damage in an action for personal injuries, where the bodily injuries are sufficiently alleged.

3. **APPELLATE PRACTICE: Weighing Evidence.** The appellate court will rarely interfere with the discretion of the trial court in directing or denying a new trial on the mere question of evidence, but where the verdict and award of damages are clearly wrong and excessive, and justice will be attained by remanding the case for retrial, it will be done on that ground alone.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED.

*George W. Easley* and *Boyle, Priest & Lehmann* for appellant.

(1)   The instruction numbered six, being the second of the series given for the plaintiff, is erroneous; it instructs the jury that they "must believe from a preponderance or greater weight of the evidence, that that the plaintiff negligently attempted to alight from the defendant's car before it came to a stop at Broadway and Olive streets." This entirely ignores the plea of contributory negligence pleaded by the defendant. Hudson v. Railroad, 101 Mo. 30; Florida v. Pullman Car Co. 37 Mo. App. 598. (2)   The seventh instruction given for the plaintiff authorizing the jury to give damages for "future mental anguish," distinguished from "physical pain and injury," there being no disfigurement of the person, nothing to produce mental anguish as distinguished from physical pain, either in the past or in the future, the giving of that instruction was error. Such damages are not recoverable, and if they were there was no evidence of any mental anguish, past or prospective. Railroad v. Spurney, 69 Ill. App. 540; 2 Am. Neg. Rep. 505; Railroad v. Cole, 46 N. E. 275; Ford v. City of Des Moines, 4 Am. Neg. Rep. 379; Fry v. Railroad, 45 Ia. 416; Railroad v. Caufield, 63 Fed. 399. There being no allegation in the petition of mental anguish nor any proof whatever of such injury, the court should not have instructed for recovery thereof. (3)   The damages are excessive, and a new trial should have been granted on that ground. Two thousand dollars for a lame back and, allowing all of the exaggerations of the plaintiff as to her injuries to be true, confined her to her room for less than two months before a suit was contemplated,

she could get about so as to consult her lawyer and employ the doctor recommended by him.

*Henry R. Hall* for respondent.

(1) The instruction numbered six, complained of by the defendant's counsel, only follows the issues raised in the defense of contributory negligence as pleaded. When one alleges certain facts in his pleading he can not object to an instruction based upon such facts on the ground that there was no evidence on which to base the instruction. Liese v. Meyer, 143 Mo. 547. Defendant complains of the seventh instruction given on account of for "future mental anguish," distinguished from "physical pain and injury," and to this I refer the court to plaintiff's petition and the instruction itself. The plaintiff suffered in this case the fracture of one of the hip bones, as the testimony of her attending physician shows. The best evidence of her injury is her own expressions as to how she suffers. That evidence was clearly sufficient on which to base the instruction complained of, and where mental anguish is connected with bodily injury it is a subject of damages. Winkler v. Railroad, 21 Mo. App. 99; Deming v. Railroad, 80 Mo. App. 152; Chilton v. St. Joseph, 143 Mo. 192. (2) In an action for damages for personal injuries, the verdict will not be set aside as being excessive, unless it is so clearly excessive as to indicate that the jury were actuated by passion or prejudice. Merrill v. City of St. Louis, 12 Mo. App. 466.

STATEMENT.

The material paragraphs of plaintiff's petition are as follows:

"And for her cause of action plaintiff says that on the twenty-third day of December, 1902, she was a passenger on one of defendant's Olive street cars going east; that after said car turned north on Broadway from

Olive street and came to a stop for passengers to alight, and whilst plaintiff was in the act of stepping off of said car the defendant's servants—its motorman and conductor in charge of its said car—so carelessly and negligently, and without using the proper care and caution in the management and control of its said car, did cause and suffer said car to start with a sudden jerk, thereby throwing this plaintiff to the street, she alighting upon her back, injuring her back and spine, causing her great pain and suffering and disabling her and preventing her attending to her usual pursuits and business for a long time, to-wit: from said twenty-third of December, 1902, until the present time; and the plaintiff believes and so charges the fact to be that she is permanently injured in her spine and back by being so thrown from said car as aforesaid. That said injuries so inflicted as aforesaid were caused by and are attributed solely to the careless and negligent handling of said car by the defendant through its servants, said motorman and conductor.''

An allegation of damages in a sum specified and prayer for judgment therefor follow.

The answer embraced a general denial and a special plea that plaintiff's injuries, if any there were, were due to her own negligence in attempting to alight from defendant's car while the same was moving round a curve in its tracks leading from its Olive street to its Broadway line.

Plaintiff's testimony was to the effect that she was forty-four years of age, and that at about seven o'clock a. m., December 23, 1902, accompanied by her husband and granddaughter, the latter a child ten years of age, she got upon an Olive street car at Ewing avenue, all on their way to a store on Broadway, where they were employed, plaintiff being then a saleslady in one of the departments. After the car turned north into Broadway, her husband pressed the electric button for the car to stop and together with the granddaughter, who had been seated on plaintiff's knee, walked in front of plain-

tiff, and after the car stopped, proceeded to get off, and plaintiff following walked back towards the rear door, started to get off, being on the step and holding to the handrail, when the car lunged and threw her violently into the street.    She was assisted by her husband to arise and with his aid proceeded on foot to the store, the place of their employment several blocks north, where she remained during the day, working a portion of the time and returning home in the evening. That from that time she had been unable to work from suffering with her back; that she suffered continually in the lower part of the spinal column and across the lower part of the back, and had been confined for two months to the house. On December 26th, she applied for treatment to the Washington University dispensary.    A few days later she was treated by a physician in the defendant's employ, and then consulted a physician recommended to her who continued to treat her at intervals thereafter.

REYBURN, J. (after stating the facts as above.) — 1.   Among other instructions given at the instance of plaintiff was the following:

"6.   The court instructs the jury that before you can find for the defendant on the grounds that plaintiff's own negligence contributed to cause the injury, as alleged in defendant's answer, you must believe from a preponderance or greater weight of the evidence that plaintiff negligently attempted to alight from defendant's car before it came to a stop at Broadway and Olive streets.''

Appellant vigorously assails this charge as ignoring the plea of contributory negligence contained in the answer, and precluding the jury from its consideration. The instructions of the trial court together constitute the whole charge, and if taken as a whole and read together, they submit the issues fairly, are not calculated to mislead the jury, are harmonious, consistent and embrace all the issues, they are sufficient.   Liese v. Meyer, 143.

Mo. l. c. 560.   In this case the court gave eight instruc-
tions, made up of three at the instance of plaintiff, four
asked by defendant, and one of its own motion, respect-
ing the form of the verdict.    Instruction numbered
three on behalf of defendant was predicated upon the
contributory negligence pleaded in its answer, and di-
rected a finding for defendant, if the jury found that
plaintiff was not caused to fall by the starting of the
car with a sudden jerk, but fell through an attempt to
leave defendant's car while it was in motion.   Plaintiff
in turn was entitled to the instruction criticised, and the
whole charge found in the entire instructions considered
together, embraced all the issues and fairly submitted
the cause to the consideration of the jury.

2.    The instruction regarding the elements and
measure of recovery, authorizing the jury to award
damages for future mental anguish, distinguished from
physical pain and injury, is assailed as not warranted,
as there was no disfigurement of the person to produce
mental anguish as distinguished from physical pain,
either in the past or in the future, and no evidence of any
past or prospective mental anguish was tendered, and
finally the petition contained no allegation of mental an-
guish, and in absence of proof of such injury, the court
should not have instructed for recovery thereon.   Men-
tal anguish may be caused by great pain of body or
mind, or both, even where the injury may not be exter-
nal or visible, nor accompanied by apparent disfigure-
ment.   In the language of Judge BLACK, in Brown v.
Railway, 99 Mo. 310, a well-considered case dealing with
this subject, ''Facts which are necessarily implied from
those alleged need not be stated.   Bliss on Code Plead-
ing (2 Ed.), sec. 176.   Physical pain and mental an-
guish usually, and to some extent necessarily, flow from,
or attend bodily injuries.   It is not necessary to make
specific proof of pain and mental anguish.   These ele-
ments of damage are sufficiently shown by the evidence
which discloses the nature, character and extent of the

injuries.    From such evidence the jury may infer pain and mental anguish.    C., B. & Q. R. R. v. Warner, 108 Ill. 538; s. c., 18 Am. and Eng. Railroad cases, 100; T. & P. R. R. v. Curry, 64 Tex. 85.    It follows, from what has been said, that where bodily injuries are alleged in the petition, and proof thereof made upon the trial, and the person injured is the plaintiff, physical pain and mental anguish are proper elements of damage though not stated in the petition.''

3.    The injuries sustained by plaintiff were described by her medical attendant as a fracture of one of the hip or pelvic bones, the coccyx, as denominated by him in medical nomenclature, a hurt which he deposed would take at least a long time to heal and unite, and which he did not regard as very rare and of which, in his fourteen years experience, he had seen over twenty. On defendant's behalf, three members of the medical profession testified; the first, a man of thirty years and more professional experience, of which professional life he had spent many years at the city hospital, accompanied by the attending physician referred to above and a younger physician later mentioned, had made an examination of plaintiff's condition on the morning of the trial, May 12, 1903, and gave as his expert opinion its results.    He declared that he found no evidence of any fracture and that the bone in question appeared to be in normal condition, and if any such injury as fracture of the coccyx had been suffered by plaintiff, she would have been unable thereafter to walk six blocks or even to stand, and that the only two patients with such injury he had seen, which he pronounced a very rare fracture, were unable to stand.    The remaining doctor present at the above examination also expressed his professional judgment, that there was no injury of the kind described, and that the region mentioned was in natural condition.

The physician in defendant's employ, who attended plaintiff shortly after the occurrence and investigated

the extent of her injury, testified that he had visited and examined plaintiff at her residence, and found no evidence of the injury; that the bone involved showed no evidence of any fracture, and its position was normal, that she was in bed when he visited her but she sat up and was up and around the room, walking around the room when he was there and in bed about half the time, and it would have been impossible for her to walk, sit up, or move if such fracture had occurred, and the injury indicated was of such rare character that many practitioners never encountered it. The testimony was barren of any proof of any medical expenses paid or incurred by plaintiff, or any expenditure for any restoratives or medicines.

The defendant urges that the verdict is so manifestly against the evidence that simple justice demands a new trial. In ordinary actions at law, this court does not weigh the evidence, and usually should not interfere in regard to the weight of the evidence as encroaching upon the province of the jury. Garrett v. Greenwell, 92 Mo. 120; Whitsett v. Ransom, 79 Mo. 258. And this court will rarely interfere with the discretion of the trial court in directing a new trial on the mere question of evidence, inspired by the belief that the trial courts recognize and bear in mind the rule so clearly announced by the highest tribunal of this State. "Circuit courts have large discretion in the matter of granting new trials, particularly upon the ground that the verdict is against the weight of the evidence. This court has often ruled that in law cases where there is a conflict in the evidence, it would not review it and determine its weight and it has as often declared it to be, not only the right, but the duty of circuit courts to supervise the verdicts of juries and grant new trials, if the verdict is, in their opinion, against the weight of evidence." Bank v. Wood, 124 Mo. 72. And more tersely but as forcibly stated in a later case: "It is the province of the jury, in the first place, to assess the damages, and it is the

duty of the trial court to grant a new trial or to order a remittitur, if it thinks the damage excessive.'' Norris v. Whyte, 158 Mo. 20.

But it is now well settled in this State that an appellate court, under the superintending control conferred over the inferior courts of record by the Constitution of the State (art..6, sec. 12), has the power and authority to set aside judgments, where the trial judge has failed to interpose, based upon verdicts indicative of passion, prejudice or misconduct. Norris v. Whyte, supra; Chitty v. Railway, 148 Mo. 64. Summarizing the testimony in this case, the conclusion.is irresistible that the verdict and award of damages herein are manifestly and clearly wrong and excessive, and that justice will be attained by reversing the judgment and remanding the cause for retrial, which is accordingly ordered. *Bland, P. J.,* concurs; *Goode, J.,* dissents.