## SARAH BELL, Respondent, v. CENTRAL ELECTRIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 20, 1907.

1. **PASSENGER CARRIERS: Alighting: Starting Car: Conductor's Duty.** Operators of street cars should not only hold a car stationary a reasonable length of time for passengers to alight, but when that has been done it is the duty of the conductor, before giving the signal to start to look to the places of exit to ascertain that no passenger is in the act of alighting, and not to give the signal until all have left the car who are attempting to leave it at that place.

2. ———: ———: ———: **Burden of proof.** The passenger to recover for an injury received in alighting must show he was a passenger; that the car had come to a full stop; that it was suddenly started and the injury ensued; and then the presumption is that the negligent act was on the part of the defendant; and from the presumption the only door of escape from liability left open to the carrier is to show affirmatively that the starting of the car was the result not of its own negligence, but of unavoidable accident or some cause beyond its control.

3. ———: ———: ———: ———: **Instruction.** Certain instructions set out in the opinion and criticised as enlarging the cause of action are examined and approved, since the instruction criticised does not attempt to cover the whole case but is supplemental to other instructions, and it is further held that all instructions should be taken together as they constitute one charge.

4. **DAMAGES: Personal Injury: Pleading: Instruction.** The allegation of a petition in regard to future pain and anguish is held hypercritical since it was specific and definite enough to notify the defendant to meet that issue, and that is all that is required of a pleading.

5. **TRIAL PRACTICE: Instructions: Covered in Others.** It is not error to refuse instructions which, in substance, were repetitions of others given for the same party.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas, Charles A. Loomis* and *Ben F. White* for appellant.

(1) The court erred in giving instruction 2 as requested by plaintiff. This was not a proper case for the application of the rule *res ipsa loquitur*. Plaintiff was bound by the allegations of negligence in her petition and must recover for those or not at all. Thompson on Negligence, sec. 7637; Thomas v. Railroad, 148 Pa. —, 15 L. R. A. 416; Keller v. Railroad, 149 Pa. 65; Barnard v. Railroad, 60 Md. 555; Railroad v. State, Savington, 71 Md. 599; Ely v. Railroad, 77 Mo. 34; Waldhier v. Railroad, 71 Mo. 514; Edens v. Railroad, 72 Mo. 212; Bullene v. Smith, 73 Mo. 151; Yarnell v. Railroad, 113 Mo. 570; Hite v. Railroad, 130 Mo. 132; McManamee v. Railroad, 135 Mo. 447; Watson v. Railroad, 133 Mo. 246; Feary v. Railroad, 162 Mo. 75; Price v. Railroad, 72 Mo. 508; Leslie v. Railroad, 88 Mo. 50; Bunyan v. Railroad, 127 Mo. 12; Bartley v. Railroad, 148 Mo. 124; Stevenson v. Hancock, 72 Mo. 612; Price v. Railroad, 77 Mo. 508; Dougherty v. Railroad, 97 Mo. 647. (2) The court erred in giving instruction numbered 10 given at the request of plaintiff. It authorized the jury to find, as an element of damages, future pain and suffering, when there was no allegation in the petition directly charging future pain and suffering, or alleging damages therefor. This was error. (3) The court erred in refusing defendant's instructions numbered A, B and C. They properly declare the law, and were authorized by the evidence.

*Jamison, Elliott & Ostergard* for respondent.

(1) The care which motorman and conductors of street cars must exercise toward passengers in alighting from cars is that of the highest practical degree. It is no excuse that the conductor was inside the car engaged in other duties and some one, without his consent or direction, tampered with the signal bell.

Hurley v. Railroad, 96 S. W. 714; McCaffery v. Railroad, 90 S. W. 818; Becker v. Building Co., 174 Mo. 250; Reagan v. Transit Co., 180 Mo. 142; Abbitt v. Transit Co., 106 Mo. App. 644.    (2)    When defendant assumes to disprove plaintiff's prima facie case, not by directly negativing plaintiff's evidence, but by affirming and attempting to prove some prior act of plaintiff, which, if true, makes it impossible that plaintiff's prima facie case, as made, can be true, defendant then assumes the burden of the evidence in attempting to prove such affirmative fact. Livery Co. v. McKelvey, 55 Mo. App. 242; Grover v. Henderson, 120 Mo. 382; Swigert v. Railroad, 75 Mo. 480; Kennedy v. Transit Co., 103 Mo. App. 5; Reagan v. Transit Co., 180 Mo. 144.    (3)    The instructions must be taken and considered together as a whole. Liese v. Meyer, 143 Mo. 560; Kennedy v. Transit Co., 103 Mo. App. 5.    (4)    Where instructions taken as a whole present the facts properly to the jury, they should be given, although one of them standing alone would be erroneous.    Abbitt v. Transit Co., 106 Mo. App. 645; Whalen v. Railroad, 60 Mo. 327.    (5)    The objection to the giving of instruction 10 is not supported by any authority, for the very apparent reason that no such authority can be found.    (6)    Appellant's refused instructions numbered B and C are covered by appellant's instruction 8 as modified by the court and given.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant.    Plaintiff recovered judgment in the sum of eight hundred dollars and defendant appealed.    The injury occurred in the afternoon of March 26, 1904.    Plaintiff was a passenger on an electric car operated by defendant on one of its lines of street railway in Kansas City.    The car was running eastward on Independence avenue and as it approached Charlotte street, a regular stopping place, plaintiff gave the signal

to stop, as she desired to alight at that point. The evidence introduced by plaintiff tends to show that in obedience to the signal the car came to a full stop at the east line of Charlotte street, its accustomed stopping place, and plaintiff left her seat and proceeded to depart. Two other passengers preceded her, who left the car in safety, but plaintiff, while in the act of stepping from the last step to the street, was violently thrown to the pavement by the sudden starting of the car, and injured. During the time the car was stationary, the conductor remained in the front part thereof, where he was engaged in collecting fares. The evidence offered by defendant is to the effect that when the signal to stop was given, the motorman reduced speed and the car was running at the rate of two or three miles per hour when it reached the west line of Charlotte street; that plaintiff attempted to alight at that point and that her fall was caused by the manner in which the attempt was made.

The negligence alleged in the petition is that while plaintiff "was proceeding with due care and diligence to alight from said car, and while she had one foot on the step of said car and her other foot extended to step to the street from said car step, the trainmen in charge of said car who were then and there the agents, servants and employees of defendant, carelessly and negligently caused said car to start forward while plaintiff was in the aforesaid dangerous position in stepping from said car step, and before plaintiff had a reasonable time to alight from said car, and plaintiff was thereby thrown from said car step . . . that said trainmen, agents and employees of defendant then and there knew of plaintiff's dangerous position in stepping from said car step and of the lack of reasonable time given her to alight safely from said car, or by the exercise of reasonable care and diligence in their duties as such trainmen in then and there operating said car, could

have known of the same in time to have averted plaintiff's injury."

At the request of plaintiff, the court instructed the jury, in part, as follows: 1. "The jury are instructed that if you believe and find from the evidence that plaintiff was a passenger on one of defendant's trolley street cars in charge of, and being operated by defendant's trainmen, on or about March 26, 1904, that said car at that time was running east on Independence avenue from Grand avenue in Kansas City, Missouri, and that, at the intersection of Charlotte street with said Independence avenue, said car was stopped by defendant's trainmen in charge thereof for the purpose of allowing passengers thereon to alight therefrom, and that while said car was then and there stopped for said purpose, plaintiff attempted to alight from said car and that she was using reasonable care and diligence in so doing, and that, before she had had a reasonable time to safely alight from said car, and while she had one foot on the car step and her other foot extended to step to the street, and that while defendant's trainmen, in charge of said car, saw, or by the exercise of that high degree of care and vigilance described to you in instruction number two following, could have seen plaintiff so alighting from said car in time to have held said car stationary until she had safely alighted therefrom, defendant's said trainmen in charge of said car then and there carelessly and negligently caused said car to suddenly start forward, whereby plaintiff was thrown violently to the street pavement and injured, then your verdict should be for plaintiff."

2. "The jury are instructed that if you believe from the evidence that plaintiff was a passenger on defendant's street car in question, and that while such a passenger was injured, while attempting to alight therefrom, and that she was exercising ordinary care

in attempting to alight, then before you can find against the plaintiff and in favor of defendant, the defendant company must prove to your satisfaction by a preponderance of the credible evidence in the case that its motorman and conductor then and there in charge of and operating said car could not have avoided injuring plaintiff, by the exercise of the highest practical degree of care that would have been exercised by very prudent persons, skilled as motormen and conductors, and engaged in operating a similar car under like circumstances."

It is argued by defendant that under the facts premised in the last of these instructions, it was error to charge the jury that the burden of proof was on defendant to show that the trainmen "could not have avoided injuring plaintiff by the exercise of the highest practical degree of care that would have been exercised by very prudent persons, skilled as motormen and conductors, and engaged in operating a similar car under like circumstances." Defendant, as a common carrier, was bound to employ the highest degree of care to avoid injury to its passengers, and in the performance of that duty, was required when signalled to stop at a regular stopping place, to bring the car to a complete stop and to hold it stationary until departing passengers, themselves in the exercise of reasonable care, could accomplish their departure in safety. Operators of street cars should not only hold the car stationary a reasonable length of time for passengers to alight, but when that has been done, it is the duty of the conductor, before giving the signal to start to look to the places of exit to ascertain that no passenger is in the act of alighting, and not to give the signal until all have left the car who are attempting to leave it at that place.

The burden was on plaintiff to show that her injury was the direct result of the negligence of which she complains, but when she introduced evidence to

the effect that she was a passenger, that the car on which she was riding had been brought to a full stop for the purpose of discharging and receiving passengers; that it was suddenly started while she was stepping to the street and that she was injured in consequence of a fall caused by the start, these facts, if accepted by the jury, would carry with them the presumption that the starting of the car was the result of a negligent act on the part of the servants of defendant. The rule is the same as that applied in cases where a passenger is injured by some disaster to the vehicle in which he is riding, such as a collision, derailment, or breaking down. When the facts are established that the plaintiff was a passenger and was injured by some such occurrence, the prima facie presumption is that the injury was occasioned by some negligence of the carrier "and the burden is cast upon the carrier to rebut and establish that there has been no negligence on its part and that the injury was occasioned by inevitable accident or by some cause which human precaution and foresight could not have averted." [Clark v. Railway, 127 Mo. 197; Goodloe v. Railway, 120 Mo. App. 194; Reagan v. Transit Co., 180 Mo. l. c. 144; Dougherty v. Railway, 81 Mo. 325.] In Reagan v. Transit Co., supra, the Supreme Court recognized the applicability of the doctrine to cases of the character of the one in hand, in this extract from the opinion: "If the car had stopped or if it had slowed down to such degree that it would have been reasonably prudent for the plaintiff to have attempted to alight and she had so attempted and while in that act the car had started forward with such motion as to throw her down, the defendant would have been liable for the result unless it could show that such movement of the car could not have been prevented by the exercise of that degree of care which the carrier owed the passenger, and the burden of showing that fact would have been on the carrier." When the facts

from which the presumption of negligence arises are found to exist the only door of escape from liability left open to the carrier is to show affirmatively that, notwithstanding the existence of such facts, the starting of the car was the result, not of its own negligence but of unavoidable accident, or of some cause beyond its control. The rule was correctly declared by the learned trial judge, but defendant argues that the instruction must be condemned for the reason that the hypothesis of facts on which the jury was required to apply it does not embrace all of the facts constitutive of the cause of action pleaded in the petition, and therefore, in effect, the instruction enlarged the scope of that cause by permitting a verdict to be based on acts of negligence not pleaded. That is to say, the jury as instructed, could have found for plaintiff in the face of a further finding that she attempted to alight from the car at the west line of Charlotte street while it was running at a rate of speed which made the attempt more or less dangerous, and therefore, the cause of action on which the verdict was based could have been an entirely different one from that pleaded.

Had this instruction assumed to cover the whole case and had it directed a verdict on the finding of facts stated in the hypothesis, we would give sanction to the contention of defendant. It is well settled that an instruction of such character is erroneous if it fails to include all of the facts elemental to the cause of action pleaded. [Hamilton v. Railway, 114 Mo. App. 504; Orcutt v. Century Building Co., 201 Mo. 424, 99 S. W. 1062; Waldhier v. Railway, 71 Mo. 514; Ely v. Railway, 77 Mo. 34; Feary v. Railway, 162 Mo. 75.] But the instruction criticised does not assume to cover the case, nor does it direct a verdict. It is to be considered but as a part of the whole charge given to the jury and is to be read in connection with the first instruction which does cover the whole case and which

expressly refers to the second instruction in such a way that both, evidently were intended to constitute a single charge, the second being supplemental to the first. The rule is well established that "the instructions of the court must be taken together. They constitute a whole charge. If taken as a whole, they present the issues fairly and, if not calculated to mislead the jury, they are unobjectionable. It is not necessary that any one or more instructions standing alone should embrace all the issues, but if all of those given, when taken and read together, are harmonious and consistent, embracing all the material issues involved, it is sufficient." [Liese v. Meyer, 143 Mo. 547; Kennedy v. Transit Co., 103 Mo. App. 1.] The two instructions under consideration are not inharmonious in any particular. In effect, they require the jury to find the existence of all the facts elemental to the cause pleaded as a condition to the giving of a verdict for plaintiff. And the gist of the second instruction is that should the jury believe that plaintiff was injured while attempting to alight from a car in the manner described in her evidence, the burden devolved on defendant to show that her injury could not have been avoided by the exercise on the part of its servants of the highest practical degree of care that would have been exercised by prudent persons in their situation under like circumstances. Certainly it is only by a strained construction that one may say the jury was authorized to return a verdict for plaintiff on a state of facts other than that the car had stopped and that she was injured by its sudden start while in the very act of stepping from it.

Objection is made to the inclusion in plaintiff's instruction on the measure of damages for future consequences reasonably certain to result from the injury. It appears that plaintiff had not entirely recovered from her injuries at the time of the trial and that she was reasonably certain to suffer from them in the future.

The point made by defendant is that such consequences are not alleged in the petition. The allegation is "that plaintiff is reasonably certain to suffer in future great physical pain and mental anguish." It is argued that this is not an affirmation that she will suffer future pain, but a prophecy that she is reasonably certain to do so. This interpretation is so hypercritical that it amounts to nothing more than a quibble. The allegation was specific and definite enough to notify defendant to meet the issue of future consequences and that is all that is required to constitute a sufficient pleading.

Further complaint is made of the refusal by the court of certain instructions asked by defendant, but we find the substance of them in another asked by defendant which, after being modified by the court, was given, and as modified, correctly declared the law. It was not error to refuse instructions which, in substance, were repetitions of another given for the same party.

The judgment is affirmed. All concur.