## GEORGE DOUGHERTY *v.* C. FOLEY.

STREET CONTRACTS IN SAN FRANCISCO.—After the Board of Supervisors of San Francisco have taken steps to acquire jurisdiction, and have ordered a public street of said city to be improved, and have let the contract, if the contractor fails to enter upon the performance of the work within the time fixed in his contract to perform, the Board may re-advertise for bids and re-let the contract without taking steps to acquire jurisdiction as in the first instance.

ORDER TO IMPROVE A PUBLIC STREET.—An order to improve a public street, made by the Board of Supervisors of San Francisco, after having acquired jurisdiction, is in the nature of a judgment.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendant recovered judgment in the Court below, and plaintiff appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*O. L. Lane*, for Appellant.

The doctrine that a municipal corporation can only act in the cases and in the manner prescribed by its charter (*Argenti* v. *City of San Francisco*, 16 Cal. 282; *Wallace* v. *Mayor of San José*, 29 Cal. 186) is a stumbling block to the counsel for

the respondent, which he seems incapable of stepping over. He does not find the power *expressly* given to re-let a contract for street improvements, after a contract once entered into, and therefore says the power is not given—that in such case, if the contractor neglect to do the work, the Board of Supervisors must begin *de novo*, and again declare their intention to do the work, and again order the work done before re-advertising for bids. Where he finds the power expressly given to commence *de novo*, we are not informed. And the same objection urged against this contract, applies with equal force to a case where the Board, in the exercise of its discretion, rejects all the bids. (Sec. 6 of Act of 1862, Ch. 298.) No power is expressly given, in *that* case, to re-advertise for bids, and the argument of counsel would require the Board, for that reason, to commence *de novo*. There must be something wrong in an argument which leads to such an absurdity, or else the Act of the Legislature is a piece of stupid blundering. It is not necessary that the power to enter into a contract for improving a street, in a given case, should be expressly given. Such power may be, and often is, implied from the power to cause the improvement to be made. (*Argenti* v. *City of San Francisco*, 16 Cal. 263 ; *Cummings* v. *The Mayor, etc., of Brooklyn*, 11 Paige, 600; *Maurice* v. *The Mayor, etc.*, 4 Seld. 130 ; *Wetmore* v. *Campbell*, 2 Sandf. S. C. 341.) The rule as deduced from those cases is : that the power to cause the improvement to be made necessarily includes the power to enter into the contract. This is in accordance with the doctrine, as stated by Kent, that corporations are considered as having the powers specifically granted, and all powers necessary for the purpose of carrying into effect those expressly given, but no others. (2 Kent, 288–9 ; *City of Oakland* v. *Carpentier*, 13 Cal. 545 ; *Wallace* v. *Mayor of San José*, 29 Cal. 180.)

*Daniel Rogers*, for Respondent.

The counsel for the respondent only contends for the well settled principle that a statute in derogation of the common law must be strictly construed, and " that the power

conferred must be executed 'precisely as given, and that any departure vitiates the whole proceeding." As well remarked by one member of this Court, this doctrine is well expressed in the axiomatic language of Mr. Justice Bronson, in *Sharp* v. *Spier*, 4 Hill, 76 : "Every statute authority in derogation of the common law, to divest the title of one and transfer it to another, must be strictly pursued, or the title will not pass." (*Sharp* v. *Johnson*, 4 Hill, 92 ; *Curran* v. *Shattuck*, 24 Cal. 427 ; *Creighton* v. *Mason*, 27 Cal. 628.) The power of the Board of Supervisors, as claimed by the appellants, must be expressly shown to exist by the Act conferring the power, and not merely presumed or made out by intendment.

By the Court, SHAFTER, J. :

Action to recover a street assessment. The facts, about which there is no dispute, are as follows : The Board of Supervisors of the City and County of San Francisco, after having taken all the steps to acquire jurisdiction, ordered a public street of said city to be improved ; and on the 19th of October, 1863, awarded the contract to one H. J. Shafer, as the lowest bidder ; and within, fifteen days thereafter the Street Superintendent entered into a contract with said Shafer, in which the time of completion was fixed at one hundred and twenty days. The time was afterwards extended sixty days, making in all one hundred and eighty days. But Shafer not having entered upon the performance of the contract, the Board of Supervisors after the expiration of said time, on the 25th of July, 1864, re-advertised for bids, and afterwards let the contract to the appellant as the lowest bidder, who performed the work and now sues on the assessment. On the above state of facts it is claimed by the respondent that the warrant and assessment roll are void, because the Board had no legal right to again let the contract on the failure of Shafer to do the work, without again taking the steps required in the first instance to acquire jurisdiction.

The Court having acquired jurisdiction in the manner

pointed out in the fourth section of the Act of 1862 (Acts 1862, p. 392), ordered the work to be done. This order was in the nature of a judgment. The subsequent steps were ministerial in their character. They were taken for the purpose of carrying the order into execution. The failure of the contractor to perform his contract could not on any known principle affect the validity nor impair the efficiency of the order. If the contract had been kept, the order would have been *functus officio ;* but as it was not kept, the requirement that the " work should be done " stood unexecuted, and was as mandatory as ever. A neglect or refusal of a party to execute a decree in chancery does not vitiate the decree, nor does a return of *nulla bona,* on an execution at law, drive the creditor to a new action. As the failure of a first attempt to execute a judgment does not preclude the suitor from trying again, so it may be said generally that powers, whether conferred upon individuals or Boards, do not fail for the reason that the first effort to execute them was defeated by the wrong doing of third persons. The argument on the part of the respondent is, that to re-let on the basis of the order after a failure of the contractor would be contrary to the *process* marked out by the statute for doing street work. This we conceive to be a mistake. The work having been ordered, the process of doing it was by contract. When the contract failed by the bad faith of the man who made it, the case stood as it would if no contract had ever been made, and the statute process could be repeated upon the unexecuted order. The argument of the respondent, if pushed to its consequences, would show that by the failure of a contractor the Board would lose all power to deal with the subject matter, whether *de novo* or otherwise. The power of the Board is commensurate with the exigencies of the order, and while the order remains unexecuted the power of the Board and Superintendent, with respect to it, cannot be considered as exhausted. The circumstance that there are two instances named in the sixth section in which the Board is expressly authorized to re-let upon the order, viz—where the lowest bidder fails to

enter into a contract within fifteen days, and where the owners who may have taken the contract do not complete the same within the time limited—does not argue that the Board cannot re-let where· the statute process breaks down by the default of the lowest bidder after he has taken on the character of " contractor." We consider, in this instance, that the statement of the two cases referred to are put by way of example, and not as excluding other cases of similar nature. (Smith's Coms. 655.)

Judgment reversed and new trial ordered.