THE CITY OF LEXINGTON, at the relation, etc., of GEORGE T. MENEFEE, Respondent, v. COMMERCIAL BANK, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. STATUTORY CONSTRUCTION: Maxims. The maxim *expressio unius*, etc., does not apply where there is a special reason for mentioning one thing and not another or one is used merely as an example or to affirm existing law or to remove doubts or the context shows a different intention; the statute should be read in view of the surrounding facts as also in the light of common sense and good faith.

2. ———: Taxbills: Resolution: Reletting. A contract for doing certain street improvements was advertised and A was awarded the contract but failed to qualify by giving bond. Thereupon the council ordered the engineer to readvertise which he did, and the contract was awarded to B who was a bidder at the first letting. *Held*, it was not necessary to commence the proceeding for the improvements anew by passing the resolution declaring the improvement necessary and that section 5859 of the statutes (Laws 1901, page 65), was enacted to meet the extreme cases mentioned therein, to-wit, where there were no bidders or all the bids were beyond the estimates.

3. ———: ———: ———: ———: Grading: Paving: Assessment. A resolution inaugurating a street improvement is construed and held to warrant the levy in one assessment of special tax for grading and for paving under section 5858 of the statutes (Laws 1901, page 65).

4. ———: ———: Grading: Description of Work. Section 5859 as enacted by the Laws of 1901, page 65 does not require a description of the work required to bring the street to the established grade.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Wm. H. Chiles* and *Clarence Vivion* for appellant.

(1) The charter of a city is in the nature of a power of attorney and the authority conferred must be carried out in the manner prescribed and when a special method is prescribed for the exercise of a power, this brings the exercise of a power within the provisions of the maxim *expressio unius,* etc., and renders nugatory the doing of the thing specified except in the way pointed out. Unionville v. Martin, 95 Mo. App. 36; Nolkmeyer v. City of Jefferson, 75 Mo. App. 683; Dickey v. Holmes, 109 Mo. App. 721; Guinotte v. Egelhoff, 64 Mo. App. 366; Rose v. Trestrail, 62 Mo. App. 358; Heidelberg v. St. Francis Co., 100 Mo. 69; Capen v. Carrison, 193 Mo. 348; Utley v. Hill, 155 Mo. 272-3; Ex parte Joffee, 46 Mo. App. 365. (2) The materials

used in a public improvement are of the greatest importance, and the selection of such, as far as the city is concerned, is a legislative act and can not be delegated to the city engineer or any other officer. Kansas City v. Askew, 105 Mo. App. 84, point 2; Kansas City v. Barton, 110 Mo. App. 40; McQuiddy v. Brannack, 70 Mo. App. 547; St. Joseph v. Wiltshire, 47 Mo. App. 125; Brick Co. v. Hamilton, 51 Mo. App. 120; Galbreath v. Newton, 30 Mo. App. 380.

*William Aull* for respondent.

(1) If the application of the maxim *expressio unius* to the statute leads to the conclusion contended for by appellant it overrides the plainly indicated purpose of the Legislature and can not be so applied. McFarland v. Co., 94 Mo. App. 342; Lack v. Brecht, 166 Mo. 261. Sedgwick, Cont. Sta. & Const. Law (2 Ed.), p. 31, note; Brown v. Buzan, 24 Ind. 194; Wallace v. Holmes, 9 Blatch. (C. C.) 65; Sutherland's Stat. Constr., p. 415, sec. 329; Dougherty v. Foley, 32 Cal. 403; Endlich, Interp. Stat., sec. 295; Verdin v. St. Louis, 131 Mo. 160; Co. v. Hunt, 100 Mo. 22; State ex rel. v. Mead, 71 Mo. 267; Bank v. Haywood, 62 Mo. App. 550; City of Sedalia v. Smith, 104 S. W. 21; Hund v. Rackliffe, 192 Mo. 328; Sutherland on Stat. Constr., sec. 300; Company v. Warner, 93 Mo. 374; Potter's Dwarris Stat. & Constr., p. 48; Clapton v. Taylor, 49 Mo. App. 123; People v. Gleason, 121 N. Y. 631; Johnson v. Duer, 115 Mo. 376; Jackson v. Smith, 22 N. E. 432. (3) The estimate intended to guide and enlighten the council in contracting did separate all items and submit an estimate on each but the contract was not required to separate the same. Gibson v. Owens, 115 Mo. 264; Warren v. Co., 115 Mo. 579; Boonville v. Stephens, 95 S. W. 316; Murphy v. Peoria, 119 Ill. 512; In the Matter of Ingraham, 64 N. Y. 314; Enos v. City, 113 Ill. 72; Albeyer v. Mayor,

64 Ind. 8; Poplar Bluff v. Hoag, 62 Mo. App. 675; Independence v. Briggs, 58 Mo. App. 241; Wheeler v. City, 149 Mo. 43. (4) Respondent was only required to comply substantially with the contract and was not required strictly and literally to comply therewith. Hund v. Rackliffe, 192 Mo. 330; Jaicks v. Merrell, 98 S. W. 758, 760; Woodson v. Owen, 115 Mo. 580; Warren v. Co., 115 Mo. 259; Cole v. Skrainka, 105 Mo. 309; Dunn v. McNealey, 75 Mo. App. 22; Heman v. Larkin, 108 Mo. App. 395; Roth v. Forsee, 107 Mo. App. 473; Steffen v. Fox, 124 Mo. 635; City v. Landis, 54 Mo. App. 315; Akers v. Co., 97 Mo. App. 528; Galbraith v. Newton, 30 Mo. App. 393; Heman v. Gerardi, 96 Mo. App. 231; Bank v. Payne, 31 Mo. App. 521; Eyerman v. Constantine, 61 Mo. 489; Meyer v. Wright, 19 Mo. App. 283.

JOHNSON, J.—Action on a special taxbill issued by the city of Lexington (a city of the third class), pursuant to an assessment levied to pay the cost of paving one of the public streets. A trial was had before a jury, verdict and judgment were for plaintiff for the full amount demanded, and the cause is here on appeal of defendant. The improvement, on account of which the taxbill was issued, was made under the provisions of an act of the Legislature passed in 1901, which repealed sections 5858, 5859, 5860, Revised Statutes 1899, and enacted new sections in lieu thereof (Laws 1901, p. 63 et seq). The resolution declaring the work necessary was passed by the council September 14, 1903, and in part is as follows:

"That it is necessary to pave the roadway of Main street from the east line of Eighth street to the east line of Thirteenth street, the full width thereof exclusive of all sidewalks. The pavement shall consist of a concrete base six (6) inches in thickness upon which shall be laid a course of sand two (2) inches in thickness and on this shall be placed a wearing surface of

vitrified brick of the best quality and of the usual dimensions laid on edge. And that it is necessary to grade that portion of Main street to be paved so as to bring the same to the established grade thereof, and that in the judgment of the city council the general revenue fund of the city of Lexington is not in a condition to warrant an expenditure therefrom for bringing that portion of said street to be paved as aforesaid to the established grade. All of said work to be paid for by special assessments against the property liable to be charged therefor as provided by law, and the Council deems and declares such work necessary to be done."

The resolution was duly published, no protest against the improvement signed by a majority of the resident owners of abutting property was filed, an advertisement for bids was made and, at the time specified (December 14, 1903), the contract was awarded to the Fort Scott Stone & Construction Company as the lowest and best bidder, but on account of the failure of this company to execute and deliver to the city the required bond, no contract was made and, on January 19, 1904, the council directed the clerk to readvertise for bids. This was done and the contract was let to relator who was an unsuccessful bidder under the first call for bids. The readvertisement was made without the adoption of a new resolution declaring the improvement necessary and the first attack made by defendant against the validity of the taxbill is based on the contention that the failure of the bidder to whom the contract first was let to give the required bond divested the council of jurisdiction to proceed under the resolution and that proceedings for the improvement could not be initiated legally except by the adoption of a new resolution. In support of this position, we are cited to section 5859 of the statutes (Laws 1901, p. 65) which provides: "Where bids for said work are above the estimates or no bids are presented, the council may readvertise for bids." As

this is the only statutory provision relating to the subject of readvertising for bids and as it is conceded that the bids submitted under the first call were within the estimates, the principle is invoked that "the charter of a city is in the nature of a power of attorney and the authority conferred must be carried out in the manner prescribed and when a special method is prescribed for the exercise of a power, this brings the exercise of the power within the provisions of the maxim *'expressio unius,'* etc., and renders nugatory the doing of the thing specified except in the way pointed out." [City of Unionville v. Martin, 95 Mo. App. 1. c. 36; Kolkmeyer v. City of Jefferson, 75 Mo. App. 1. c. 683; Dickey v. Holmes, 109 Mo. App. 721; Guinotte v. Egelhoff, 64 Mo. App. 1. c. 366-7; Rose v. Trestrail, 62 Mo. App. 358.] The maxim that the expression of one thing is the exclusion of others not expressed is not to be accepted as a hard and fast canon of statutory construction, but as a guide to point to the legislative intent which, when ascertained, should dominate the construction to be placed on the enactment. [McFarland v. Railway, 94 Mo. App. 1. c. 342.] It has been said, if there is some special reason for mentioning one and none for mentioning the other, the absence of any mention of the latter will not operate as an exclusion, and that the maxim does not apply to a statute in which mention is made by way of example or made in affirmance of existing law or to remove doubts, or when the context shows a different intention. To ascertain the intention of a statute, it should be read in view of all the surrounding facts and circumstances under which it was enacted and, it may be added "common sense and good faith are the leading and principal characteristics of all interpretation." [Bank v. Haywood, 62 Mo. App. 550; Potter's Dwarris on Statutes and Constitutions, p. 48; Sedalia v. Smith, 104 S. W. 21, 206 Mo. 346.]

With these principles in mind, we do not hesitate

to say the maxim should not be applied to the provision in question. We think it was the legislative intent to remove all doubt of the power of the city to readvertise even in extreme situations, either where no bids were received or where all of the bids were above the estimate, and not to express the purpose of declaring the jurisdiction of the council to proceed under the resolution exhausted in the contingency of a failure of the successful bidder to comply with the conditions precedent to the execution of the contract. In Gibson v. Owens, 115 Mo. 258, the bidder to whom the contract was awarded failed to enter into a contract and make the guaranty required, whereupon the engineer, without readvertising, gave the contract to the next lowest bidder. The Supreme Court said: "We do not think the power of the engineer exhausted when he made the selection among the bidders of the one regarded the lowest. The reliability and responsibility of the bidder could not then have been determined. This preliminary selection was not a letting of the contract within the fair intent and meaning of the ordinance, but was necessarily conditioned upon compliance on the part of the bidder with the other requirements. Upon the failure of Sheridan to enter into the contract and make the necessary guaranty, we think it was clearly within the discretion of the engineer to award the contract to another bidder." Had the city council, instead of ordering a readvertisement, proceeded to award the contract to relator as the next lowest bidder, the decision from which we have just quoted would have afforded sufficient authority for such action on the ground that, as jurisdiction to proceed had been conferred on the council by the resolution, it could not become exhausted by an abortive attempt to take one of the necessary steps. With jurisdiction once conferred the council, treating the first effort to secure competition as nugatory, might proceed as though none had been made and again call

for competitive bids.    Indeed, we think the latter course more commendable than that pursued in the case of Gibson v. Owens, supra, since it afforded an opportunity of securing some advantage to the property-owners by further competition.    [Dougherty v. Foley, 32 Cal. 402; Himmelman v. Oliver, 34 Cal. 246.[

The validity of the taxbill further is assailed on the ground "that the contract was let and the tax levied for a lumping charge for doing two kinds of work, grading and paving, without having made provision in the preliminary resolution to *'include'* in one assessment the pay for grading, with that for paving, as provided by the statute under which the work was done."    The statute (section 5858, Laws 1901, p. 65) provides: "The city council may, by ordinance, include in the special assessment the paving, macadamizing or constructing' sidewalks on any street, avenue or alley, the cost of bringing to the established grade said street, avenue or alley, or part thereof proposed to be improved: *Provided,* that the resolution declaring said paving and macadamizing necessary to be done shall also declare that said street, avenue or alley, or part thereof, shall be brought to the established grade, and *that the cost thereof shall be included in the special assessment for paying for said paving or macadamizing."*

The property-owners were notified by the resolution that the street was to be brought to the established grade and that the work of grading and paving was to be treated as one improvement. Notwithstanding the use, in the resolution, of the plural form of the word "assessment," it is obvious from the context that the council intended to do just what was done, viz., grade and pave the street under one contract and to pay for the work by issuing taxbills under a single assessment. The resolution was in substantial compliance with the statute and the inclusion in one assessment of the cost of grading and paving was proper.

It is suggested in argument that the omission from the resolution of a description of the work required to bring the street to the established grade constitutes a fatal defect and we are cited to City of Carthage v. Badgley, 73 Mo. App. l. c. 127; City of Kirksville v. Coleman, 103 Mo. App. l. c. 219; Smith v. City of Westport, 105 Mo. App. 224. Section 5859, Revised Statutes 1899, did require the resolution to "describe the work of bringing such street to the established grade," but that provision as re-enacted in 1901, was changed to require no other declaration in the resolution than "that said street shall be brought to the established grade." [Laws 1901, p. 65.] This amendment renders the rule followed in the cases cited inapplicable and sufficiently answers the objection.

Other questions are raised by defendant, but those stated are the only ones which merit discussion. The issue of whether the paving was laid in accordance with the specifications of the contract was presented by the evidence as one of fact and was properly and thoroughly covered by the instructions. The record discloses that the case was fairly tried and submitted and, being free from error, the judgment is affirmed. All concur.