### HIPPLE et al. v. BATES COUNTY, MO.†

(Circuit Court of Appeals, Eighth Circuit. May 3, 1915.)

#### No. 4237.

1. APPEAL AND ERROR ⊙⊶850—REVIEW—SCOPE.

For the purposes of review on appeal, an agreed statement of facts upon which a cause is tried is like special findings by the court or a special verdict of a jury, and the sufficiency of the stipulated facts to support the judgment may be reviewed, though neither a finding nor declarations of law are requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3346, 3351–3362, 3375, 3376; Dec. Dig. ⊙⊶850.]

2. MUNICIPAL CORPORATIONS ⊙⊶303—PUBLIC IMPROVEMENTS—ORDINANCE DECLARING A NECESSITY—SUFFICIENCY.

Rev. St. Mo. 1909, § 9255, provides that when the city council shall deem it necessary to improve a street, it shall, by resolution, declare such improvement necessary. Section 9254 provides that the council may, by ordinance, include in a special assessment for paving the cost of bringing the street to the established grade, provided that the resolution declares that such street shall be brought to such grade, and that the cost thereof shall be included in the special assessment for the paving. *Held,* that where a resolution declaring the necessity of paving a street provided that such street should be brought to the established grade, and that the cost should be included in the special assessment for the paving, it was sufficient, though it did not declare the necessity of bringing the street to the established grade.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 808–810, 821; Dec. Dig. ⊙⊶303.]

3. COUNTIES ⊙⊶150—INDEBTEDNESS—CONSTITUTIONAL LIMITATIONS—STREET IMPROVEMENTS.

Const. Mo. art. 10, § 11, limits the annual county tax levy, and section 12, prohibits counties from becoming indebted in excess of their income for the year, without an authorizing vote at an election. Resolutions of a city council for grading and paving the streets on the four sides of the county courthouse square were adopted in March, and the ordinance awarding the contract was passed in May. It appeared that the county levied the maximum tax rate for that year, and that its disbursements exceeded its receipts, but it did not appear what disbursement warrants had been issued, or what indebtedness had been incurred when the street improvement contract was awarded. *Held,* that as it was the duty of the county to make provision for payment of the cost of the street

⊙⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

improvement, and as it may have had sufficient funds to meet such cost when the contract was let, the rights of the contractors to payment could not be defeated by the subsequent expenditure of applicable county funds, and tax bills for such improvement were not void as an attempt to create a county indebtedness in violation of the Constitution.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 165, 166, 215–217; Dec. Dig. ☞150.]

**4. MUNICIPAL CORPORATIONS ☞470—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS—STREET INTERSECTIONS.**

Rev. St. Mo. 1909, § 9254, provides that assessments for street improvements shall be levied on lots or tracts of land abutting on either side of the street improved in proportion to the front foot, and that, as to the repair of the paving and guttering on any street, it shall be divided into sections extending from the center of one intersecting street to the center of the next intersecting street. *Held*, that where the streets on the four sides of a courthouse square were graded and paved, there was no authority for including in the tax bill against the county the cost of improving the fourth of the street intersections diagonally opposite the four corners of the square.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1118; Dec. Dig. ☞470.]

In Error to the District Court of the United States for the Western District of Missouri; J. F. Pope, Judge.

Action by Percy A. Hipple and another, partners doing business as Hipple & McSpadden, against Bates county, in the state of Missouri. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

James W. Cosgrove, of Muskogee, Okl., and W. M. Williams, of Boonville, Mo., for plaintiffs in error.

De Witt C. Chastain, of Butler, Mo. (Thomas J. Smith, of Butler, Mo., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This was an action by Hipple & McSpadden against Bates county, Mo., on special tax bills issued by the city of Butler for the cost of grading and paving the streets on the four sides of the county courthouse square. Upon a trial by the court there was a general finding and judgment for the county. The plaintiffs obtained this writ of error.

[1] It is urged by the county that there is nothing here for review because the finding of the trial court was general and plaintiffs requested neither a finding in their favor nor declarations of law, and there were no objections to evidence. But the case was tried upon agreed statements of fact which, though quite prolix and with much redundant matter, contained the ultimate facts upon which the case depended. An agreed statement of facts upon which a cause is tried is, as regards review in an appellate court, like special findings by a trial court or a special verdict of a jury. The sufficiency of the facts stipulated to support a judgment may be reviewed. Lehnen v. Dickson, 148 U. S. 71, 73, 13 Sup. Ct. 481, 37 L. Ed. 373; Supervisors v. Kennicott, 103 U. S. 554, 26 L. Ed. 486.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The trial court held the tax bills void because the initial resolutions of the city council did not declare necessary the grading of the streets, as distinguished from the paving. A statute of Missouri, afterwards embodied in section 9255, R. S. 1909, provided:

"When the city council shall deem it necessary to pave, macadamize, gutter, curb, grade or otherwise improve a roadway or any street, * * * the council shall, by resolution, declare such work or improvement necessary to be done."

The Supreme Court of the state has held a number of times that the resolution required is jurisdictional, and that strict compliance is essential to the validity of the proceedings. In the case of Main street on the east side of the courthouse square, which is typical of the others, the resolution duly declared the necessity of the paving, and though it did not in terms expressly declare the grading also necessary, it provided "that the street above described shall be brought to the established grade, and that the cost thereof shall be included in the special assessment for paying for said paving." It may be assumed that if the statute stood alone as it did when construed by the Supreme Court of the state, the resolution would be insufficient. But an amendment, afterwards incorporated in section 9254, R. S., provided that the cost of bringing a street to the established grade might be included in the special assessment for paving, and that the resolution declaring the paving necessary should also declare the fact of such inclusion. The resolution in question here followed the amendatory statute precisely, and it was sufficient. · See City of Lexington v. Commercial Bank, 130 Mo. App. 687, 108 S. W. 1095. The later statute was evidently intended to cover cases like that at bar where paving is necessary and is so declared, but the preparatory adjustment of the street surface to the established grade is incidental and not a separate, substantial improvement by itself.

[3] It is also urged that the tax bills are void as an attempt to create a county indebtedness in violation of sections 11 and 12 of article 10 of the state Constitution. Section 11 limits the annual tax levy, and section 12 prohibits counties from becoming indebted in excess of their income and revenue for the year, without an authorizing vote at an election. Bates county levied the maximum tax rate for the year 1910, in which the street improvements were ordered, contracted for, and made, and it claims that aside from the plaintiffs' tax bills its ordinary current expenses for that year exceeded its income and revenue. But we think the defense was not made out. It appears from the stipulations that the disbursements for 1910 were in considerable excess of the receipts, but the resolutions for the improvement were adopted in March of that year; and the ordinance awarding the contract was passed in May. It was then apparent that the work would be done with the authority and under the direction of the city authorities to whom the state laws committed it. The stipulations do not show the disbursement warrants issued or indebtedness incurred or contracted by the county up to that time, but the amounts specified are in gross sums for the period from January to October and later. For aught that appears there were sufficient funds to meet the cost of the street improvements,

and they would have been available had due regard been had to the acts of the city authorities. Such work in front of county property in the city was relatively as important as work on county roads and bridges. Though the state statutes intrusted the control and supervision to the city, they imposed the obligation to pay upon the county, and in respect of the duty of the latter to apportion funds and make provision for payment, the cost of the street work was not different from that ordered and contracted for by the county itself. See State v. Appleby, 136 Mo. 408, 37 S. W. 1122. When the proceedings in the city council progressed to the awarding of the contract, the rights of the contractors to payment could not be defeated by the expenditure thereafter of applicable county funds. Otherwise a contract valid in all respects when made could be nullified by the subsequent acts of the statutory debtor. Other objections are made to the validity of the tax bills, but we think they have less merit than those already considered.

[4] The tax bills include the cost of the improvement of the entire street intersections at the four corners of the courthouse square. The statute (section 9254, par. 5) provides that the assessment shall be levied "on all lots or tracts of land fronting or abutting on either side of such street, * * * along the distance improved in proportion to the front foot." It does not, as is sometimes done, provide that the cost for the intersections shall be borne by the city at large, and it seems to be the intention that the property on each side of a lineal block shall be held for the improvement of the street from the center of one intersection to the center of the next, at least where the improved length is not greater. Support for this is found in the provision following the one above quoted that such distance shall be a repair district or section. This, however, would not authorize the inclusion of the fourth of the intersections diagonally opposite the four corners of the courthouse square. To that extent the amounts of the tax bills are excessive. The stipulations show the area of the entire intersections and the contract cost per square yard. The excess amount easily computable should be deducted, and judgment for the balance, with interest thereon, entered in favor of the plaintiffs.

The judgment is reversed, and the cause is remanded for judgment in conformity with this opinion.