[Civil No. 2053.   Filed July 29, 1922.]

[207 Pac. 1087.]

In the Matter of the Application of HATTIE L. MOSHER for a Writ of Certiorari. HATTIE L. MOSHER, Appellant, v. THE CITY OF PHOENIX, Appellee.

MUNICIPAL CORPORATIONS—COMMISSION CANNOT ORDER IMPROVEMENT WITHIN SIX MONTHS FROM DATE OF SUFFICIENT PROTEST, THOUGH ENOUGH SIGNERS WITHDRAW TO LEAVE MAJORITY OF PROPERTY OWNERS IN FAVOR OF IMPROVEMENT.—Under Civil Code of 1913, paragraph 1957, as amended by Laws of 1917, chapter 52, section 2, providing that a protest against a street improvement by the owners of a majority of the property will bar further proceedings for six months unless the owners of one-half or more of the frontage meanwhile petition that the work be done, a sufficient protest cannot be changed by withdrawals of signers so as to confer jurisdiction to order the work done within such time by numbering those withdrawing among those favoring the improvement, whether the protests be filed together or separately.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Reversed.   L

Mr. J. B. Woodward, for Appellant.

Mr. R. W. Kramer, City Attorney, and Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

McALISTER, J.—The commission of the city of Phoenix passed a resolution of intention on May 26, 1921, to pave a portion of Culver Street in that city, to wit, the section between the east line of Central Avenue and the west line of Twelfth Street, and immediately thereafter gave the required notice of its contemplated action. According to the resolution the total frontage on this portion of Culver Street was 9,152.57 feet, but in the opinion of the commission that improvement was of more than local or ordinary public benefit, so it created an adjacent assessment district containing 5,542 feet, in order that it might bear a part of the costs and expenses of the work, which made a total frontage of 14,694.57 feet. A protest against the proposed improvement, signed by "owners of property fronting on East Culver Street, and in the assessment district adjacent thereto," representing on its face 7,909.62 feet, was filed in the office of the city clerk of Phoenix on June 20, 1921, but on the same day written withdrawals from it to the extent of 758.78 feet were also filed, and on June 29th following the city commission, finding that the protest after deducting the withdrawals represented less than one-half of the frontage involved, to wit, 7,150.84 feet or 48.66 per cent ordered that the improvement proceed. Thereupon, or after some other proceedings immaterial to the issue involved, appellant, Hattie L. Mosher, filed a petition in the superior court of Maricopa county, praying for the issuance of a writ of *certiorari* directed to the city of Phoenix and the commission of the city of Phoenix, ordering the return to that court of all records and proceedings relative to the proposed paving of Culver Street. An order to show cause why the writ should not be granted was issued, and a full hearing thereafter had, which resulted in an order quashing the writ. It is from this order that the petitioner appeals.

It is conceded that if the withdrawals were not properly allowed the protest was sufficient to prevent further action by the commission, since, as filed, it contained a majority of the property fronting on the improvement and in the assessment district; hence the only question presented is whether signers of a protest may withdraw from it during the time allowed owners to object, and be counted in favor of the improvement. It is the contention of appellant that they cannot, because a proper protest, when filed, deprives the commission of jurisdiction to proceed further in the matter, while appellee contends that they can, since the jurisdiction of the commission depends entirely upon the action of the property owners themselves, as that is disclosed from the records in the office of the city clerk at the close of the protest period. The correctness of these contentions must be determined by paragraph 1957, Revised Statutes of Arizona of 1913 (Civ. Code), and amendments thereto as they appear in chapter 52, Session Laws of 1917, under which this part of the proceedings was had. It reads, so far as pertinent to this inquiry, as follows:

"1957. The owners of a majority of the frontage of the property fronting on said proposed improvement, or when the cost of said improvement has been made chargeable upon a district, then the owners of a majority of the frontage of property fronting upon the proposed improvement, together with the owners of a majority of the frontage of property fronting upon the streets or parts of streets contained within the limits of said assessment district, may make a written protest against said improvement within fifteen days after the date of the last publication of the resolution of intention, or within fifteen days after the completion of the posting of notices of the proposed improvement by the superintendent of streets if such date be subsequent to the day of said last publication. Such protest shall be filed with the city clerk or other officer exercising like official functions,

who shall indorse thereon the date of their reception by him, and such objections so delivered and indorsed shall be a bar to any further proceedings in relation to the making of said improvement for a period of six months from the date such objections are filed unless the owners of one-half or more of the frontage as aforesaid shall meanwhile petition for the said work to be done. . . . When no protests against such work or no objections as to the extent of the proposed assessment district have been filed within the time above specified, or when a protest shall have been filed and it is found by said legislative body to be insufficient, or when the objections to the extent of the proposed district shall have been heard, and shall have been denied, immediately thereupon the said legislative body shall have jurisdiction to order the proposed improvements. Upon acquiring jurisdiction, the said legislative body may by resolution order the improvement described in the resolution of intention to be done.''

The commission of the city of Phoenix is invested by a preceding section with jurisdiction to order paved or otherwise improved, in the manner provided, its streets, and whenever in its judgment the public interest or convenience requires that an improvement of this character be made, it is authorized and empowered to initiate proceedings looking to that end, and, if not thereafter prevented by the protest of the required percentage of the property owners concerned, to order the work done. Such an undertaking is carried out by the commission's first passing a resolution of intention in which the work to be done is described, then giving the required notice of its intended action, and, after the expiration of the prescribed fifteen days, directing that the other necessary steps be taken, if there be not filed within that time a protest signed by the owners of a majority of the property fronting on the improvement proposed, and in the adjacent assessment district if there be one; but if a protest of this kind be filed, ''such objections *so delivered and indorsed shall be a bar* to

any further proceedings in relation to the making of said improvement for a period of six months,'' unless in the meanwhile the owners of one-half or more of the frontage involved petition that the work be done, and there is no claim that such a petition was filed in this instance. The mere delivery of such objections to the city clerk within the prescribed fifteen days and the indorsement thereon by him of the date he received them constitute under this statute a complete bar to any further work under that resolution of intention, except in the instance mentioned, and to say that their delivery and indorsement shall be a bar to further proceedings for six months is to state as effectively as language will permit that the filing of the protest becomes an insurmountable obstacle to further action during that time. Necessarily then a sufficient protest operates as a bar from the day it is filed, and, inasmuch as its delivery and indorsement alone accomplish the purpose of its signers, its condition, when filed, must remain unchanged and determine its sufficiency.

The filing of such a protest being a bar to further action ''in relation to the making of said improve-ment,'' it follows that jurisdiction to order the work done, or the possibility of acquiring it, is also defeated, because the statute does not confer on any tribunal the right and power to order done a thing which it in express language prohibits from being done. Appellant's contention, therefore, that a sufficient protest when filed cannot be changed or modified by withdrawals from it is sustained by the statute, and this is true whether the protests be filed together or separately, for the moment the owners of a majority of the frontage file objections to the improvement that entire proceeding, except it be the right to ascertain after the close of the fifteen-day period that the protest is sufficient, is foreclosed. The protest in this case being admittedly sufficient when filed on

June 20, 1921, the withdrawal from it after that time
of a frontage of 758.78 feet should not have been al-
lowed. The owners of this property, together with
the remainder of the protestants, by filing their ob-
jections defeated any possibility of complete and full
jurisdiction's attaching, and no act of theirs during
the six months following, after they had aided in the
accomplishment of this result, would enable them to
be numbered among those favoring the improve-
ment, unless it be that during this time they join with
a number of other owners of frontage in petitioning
that the improvement be made; it being required of
course that the total signers on such a petition own
one-half or more of the frontage involved.

It is the contention of appellee that the legislature
conferred upon the property owners, who under the
law must pay for the improvement, the right and
power to say whether it should be made, and that con-
sequently the statute should be so construed as to
allow them the full period of protest in which to de-
cide if they want it. If protests against it may be·
filed up to the end of this time, there is, it is con-
tended, no reason why those who have protested may
not change their minds, withdraw therefrom within
the time allowed for objecting, and be counted as
favoring the improvement, though it is not claimed
that the statute specifically authorizes such with-
drawals. In substantiation of this position reliance
is had principally on two cases—*City of Sedalia ex
rel.* v. *Montgomery et al.,* 227 Mo. 1, 88 S. W. 1014,
127 S. W. 50, and *Hawley* v. *City of Butte,* 53 Mont.
411, 164 Pac. 305. In neither of these states, how-
ever, is the law relative to the power of the city coun-
cil to improve the streets of the city similar to that
of this state, but in both the jurisdiction conferred on
that body is merely conditional, that is, held in abey-
ance or suspended until the end of the protest period,
irrespective of whether the protest is sufficient or in-

sufficient at the time of filing, when it is determined whether it shall attach. And, they hold, if the city council had been given full jurisdiction to order the improvement subject only to annulment by the owners of a majority of the frontage, the filing by the latter of a sufficient protest would defeat it, and it could not be reconferred by withdrawals from the protest. Where, however, jurisdiction is in abeyance until the close of the protest period, there is none to annul previous to that time, and property owners are free either to oppose or favor the improvement. If they have opposed it by protesting, they may favor it by withdrawing from the protest, for the general doctrine is that a protestant may withdraw from the protest and be counted in favor of the improvement up to the end of the protest period. *Littell et al.* v. *Board of Supervisors of Vermillion County,* 198 Ill. 205, 65 N. E. 78; *Armstrong et al.* v. *Ogden City et al.,* 12 Utah, 476, 43 Pac. 119; *Thorn* v. *Silver,* 174 Ind. 504, 89 N. E. 943, 92 N. E. 161; *Rodgers* v. *City of Ottawa,* 83 Kan. 176, 109 Pac. 765, and cases cited above. In paragraph 1957, above, however, jurisdiction to order the improvement is held in abeyance until the end of the protest period only when no protest at all, or an insufficient one, has been filed, while from the time a protest signed by the owners of a majority of the frontage is delivered to the city clerk and indorsed by him with the hour he received it the entire proceeding is barred for a period of six months, unless a proper petition is filed within that time, and necessarily there can be no jurisdiction to do what the statute bars.

The judgment is reversed and the case remanded, with directions to enter judgment for appellant.

ROSS, C. J., and FLANIGAN, J., concur.