[Civil No. 2261.   Filed May 26, 1925.]

[237 Pac. 173.]

## HATTIE L. MOSHER, Appellant, v. CITY OF PHOENIX, a Municipal Corporation, Appellee.

1. MUNICIPAL CORPORATIONS—COMMISSION HELD AUTHORIZED TO READVERTISE FOR BIDS AND AWARD CONTRACT FOR IMPROVEMENT TO ANOTHER, WHERE ORIGINAL CONTRACTOR ABANDONED CONTRACT WITH CONSENT OF COMMISSION.—Where city commission entered into contract for street improvements, and contractor made cash deposit and executed bond for faithful performance, but thereafter, with consent of commission, contractor abandoned contract, *held* that city commission was authorized, under Civil Code of 1913, paragraph 1960, as amended by Laws of 1917, chapter 52,

to readvertise for bids and award contract for improvement to another.

2. MUNICIPAL CORPORATIONS—PLAINTIFF, NOT OBJECTING TO AWARDING OF CONTRACT FOR IMPROVEMENT, PRECLUDED FROM OBJECTING, EXCEPT AS TO JURISDICTIONAL MATTERS.—Where plaintiff interposed no objection to awarding of contract for street improvement under readvertisement, after original contractor had abandoned contract with consent of city commission, *held* that, under Civil Code of 1913, paragraph 1960, as amended by Laws of 1917, chapter 52, plaintiff is precluded from making any objections, except as to matters directly affecting jurisdiction of commission to order the work.

(1) 28 Cyc., p. 1056.    (2) 28 Cyc., p. 1056.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

Mr. J. B. Woodward and Mr. W. T. Sprowls, for Appellant.

Mr. W. L. Barnum, Mr. E. J. Flanigan, and Mr. J. E. Nelson, for Appellee.

ROSS, J.—This is a *certiorari* proceeding by which the appellant, Hattie L. Mosher, seeks to have the action of the city commission of the city of Phoenix, in letting a contract for the improvement of certain portions of Culver Street, reviewed, vacated, and set aside. The trial court upon a hearing found that the commission had regularly pursued the authority given it under the law in letting the contract and entered judgment accordingly. She appeals.

On May 26, 1921, the resolution of intention to make the improvement was passed. Thereafter, on June 29th, a resolution ordering the improvement was passed. On July 13th, a contract to make the improvement was awarded to White & Miller, who deposited with the city, as required, a cash deposit of $940.87, and executed a bond to the city to faith-

fully perform their contract. Thereafter, and before the contractors had commenced the improvement, the appellant instituted an action attacking the legality of the proceedings of the commission in an effort to prevent the improvement. This action finally reached this court, which wrote two opinions: One sustaining appellant's contention (24 Ariz. 230, 207 Pac. 1087), and the other, which is the controlling opinion, upholding the proceedings of the commission as legal (25 Ariz. 297, 216 Pac. 242). This latter opinion was handed down June 30, 1923.

Because the legality of the proceedings of the commission was at issue in the court, the contractors, White & Miller, although ready, able, and willing to proceed with the improvement, did not do so, and on or about October 25, 1922, the city consenting thereto, withdrew this cash deposit and abandoned the contract. After the decision of this court of June 30, 1923, upholding the legality of the commission's proceedings looking to the improvement of Culver Street, the commission readvertised for bids, and in due course awarded the contract to perform the work of such improvement to the Phoenix-Tempe Stone Company, and thereupon published for the required length of time a notice of such award. No person having made, either in writing or otherwise, any objections to the awarding of the contract to the Phoenix-Tempe Stone Company, the same was duly entered into by such company and the city commission, and thereafter the improvement was made as provided for in the contract.

In the present proceeding it is contended by the appellant that, after the commission entered into the contract with White & Miller to make the improvement, it had no right to acquiesce in the abandonment of such contract and to readvertise and award the contract to another bidder under the original resolu-

tion of intention, since in letting the first contract it
had exhausted its powers. In other words, it is here
contended that the commission should have proceeded
as though nothing had been done. Paragraph 1960
of the Civil Code, as amended by the Laws of 1917,
chapter 52, provides what the legislative body of a
city shall do as to opening bids and awarding con-
tracts, and among other things contains this provi-
sion:

"If such bidder neglects, fails or refuses to enter
into such a contract within said period, then the leg-
islative body without further proceedings shall again
advertise for proposals or bids as in the first in-
stance, and award the contract for said improvement
to the then lowest regular bidder."

The statute does not in express terms provide what
the legislative body shall do in the event the con-
tractor, to whom the improvement was awarded, actu-
ally executes the necessary bond and enters into a
contract to do the work, and for that reason it is,
contended that the legislature, in providing what
might be done for failure on the part of the con-
tractor to proceed with his contract, intended that if
he, within the time allowed by law, entered into the
contract, the legislative body would have no right,
power, or authority to cancel such contract and to
readvertise, and under such readvertisement award
the contract to another bidder. This conclusion is
arrived at upon the maxim, *expressio unius est ex-
clusio alterius*. Under a statute of very similar, if
not exact, terms, the same question was passed upon
in *Dougherty* v. *Foley*, 32 Cal. 402. The court, after
reciting the proceedings of the legislative body for
the city of San Francisco, which proceedings, so far
as material, were the same as here, said:

"The court having acquired jurisdiction in the
manner pointed out in the fourth section of the Act

of 1862 (Stat. 1862, p. 392), ordered the work to be done. This order was in the nature of a judgment. The subsequent steps were ministerial in their character. They were taken for the purpose of carrying the order into execution. The failure of the contractor to perform his contract could not on any known principle affect the validity nor impair the efficiency of the order. If the contract had been kept, the order would have been *functus officio;* but as it was not kept, the requirement that the 'work should be done' stood unexecuted, and was as mandatory as ever.''

It has been also held, in line with the above case, that where a contractor has failed to perform his work the legislative body of a city may readvertise for bids for street work without repeating the steps necessary to obtain jurisdiction, in *Himmelman* v. *Oliver,* 34 Cal. 247, and in *Chambers* v. *Satterlee,* 40 Cal. 519. In *City of Lexington* v. *Commercial Bank,* 130 Mo. App. 687, 692, 108 S. W. 1096, where the same question was involved and the contention was that the expression of one thing is the exclusion of others, it was held that the legislative body might readvertise when the first contractor defaulted, the court saying:

''It has been said, if there is some special reason for mentioning one and none for mentioning the other, the absence of any mention of the latter will not operate as an exclusion, and that the maxim does not apply to a statute in which mention is made by way of example, or made in affirmance of existing law or to remove doubts, or when the context shows a different intention. To ascertain the intention of a statute it should be read in view of all the surrounding facts and circumstances under which it was enacted, and, it may be added, 'common sense and good faith are the leading and principal characteristics of all interpretations.' ''

It is true the facts in the above cases show that the bidder failed and neglected, after the acceptance of

his bid, to perform the contract, whereas here the bidders entered into a contract and then with the consent of the commission abandoned it. But the question is one of jurisdiction, and if the legislative body did not lose jurisdiction in the former case, we cannot see how it would lose jurisdiction in the latter.

We are of the opinion that the city commission regularly pursued the authority given it under the law when it readvertised for bids, after White & Miller had abandoned their contract, and awarded the contract to the Phoenix-Tempe Stone Company; and that the lower court was right in denying the appellant the relief sought in this proceeding.

We may also add that the appellant interposed no objection whatever to the awarding of the contract to improve Culver Street under the readvertisement, and is therefore precluded under the statute, paragraph 1960, Civil Code, as amended by chapter 52, Laws of 1917, from making any objections excepting as to matters directly affecting the jurisdiction of the commission to order the work.

The law seems well settled that the commission did have jurisdiction to readvertise and to award the work in the manner pursued. It is apparent that the only reason White & Miller failed to perform their contract was due to the litigation prosecuted by this appellant.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.