HENRY P. DORMAN, and others, petitioners for *certiorari,* vs. CITY COUNCIL OF LEWISTON.

Androscoggin. Opinion March 19, 1889.

*Way. Laying out. Lewiston city council. Committee. Notice, Adjudication. "Public convenience and necessity."*

The city council of Lewiston, under the city charter, is authorized, in the first instance, to refer a petition for the location of a new street, in the usual course, to a committee of its own body, to view the premises, hear the parties interested, and determine and report what it deems expedient action in the premises, for final consideration by the city council.

Notice to all parties interested to appear before such committee, is notice to appear and be heard, before the city council.

The notice required by law for the laying out of town ways, is the notice required by the charter of Lewiston for the laying out of new streets.

The words "street or public highway," in the charter of the city of Lewiston, are synonymous, and mean public ways or streets.

An order of the city council accepting the report of such committee, and establishing a new street according to the report, makes the adjudication of the committee the adjudication of the council.

An adjudication that "public convenience and necessities of the city" require the laying out of a new street, although neither in the exact phrase of the statute nor of the city ordinance, is the equivalent of both. It means that the public convenience and necessity of the citizens require the way, and is sufficient.

ON REPORT. The law court were to render such judgment as the law and facts required, upon so much of the facts agreed, and testimony as is admissible, material and relevant.

This was a petition for a writ of *certiorari*, to which the Union Water Power Company became a party petitioner, praying that the proceedings of the respondent tribunal in laying out Mill street, in Lewiston, may be certified to this court and quashed. The case came before this court upon report of the petition, answer, admissions, and certain evidence bearing upon special points.

The petitioners alleged several errors of the respondents, in their proceedings, in the taking and laying out the street. At the hearing, on the petition, they were reduced to three in number. First, it was claimed, that the action of the street committee in laying out the proposed way was illegal, for the reason that such power is intrusted by the charter of Lewiston to the city council, and that the city council could not, and did not attempt to delegate that power to the committee; second, if the committee had authority to lay out the way, they proceeded without giving legal notice, and without making the adjudication as to its necessity required by the ordinances of the city; and, third, if the order passed by the city council, accepting the committee's report, should be construed as a laying out, that action was illegal, because it was taken without giving notice of hearing, or any hearing to parties interested, and without any adjudication as to the necessity for the way, as required by law.

It appeared from the testimony and admissions of the parties, that in 1855 the *locus in quo*, together with a large strip of land of which the locus was a part, belonged to the Lewiston Water Power Company. That company caused this land to be plotted, and a plan of the same to be recorded in the registry of deeds of Androscoggin county. Among the streets delineated on this plan was "Mill Street" so-called, of the width of sixty-seven feet, and extending from Lincoln Mills, north of Main street, in a southerly direction, substantially parallel with the river. It thus crosses three streets, namely, Main, Chestnut and Cedar,—the two latter at right angles. That portion, some 600 feet in length of "Mill street" which was laid out, lies between Chestnut and Cedar streets. On it, plotted to be sixty-seven feet wide, the Maine Central Railroad occupies twenty-seven feet as a right of way nearly its entire length. Subsequent to this plotting and recording the plan, the Lewiston Water Power Company, and its successors in title sold and conveyed to several parties, lots on "Mill Street" and described the lots in the conveyances, as bounded on it. These conveyances were prior to those to the petitioner, Dorman, who purchased March 24, 1880, all the right, title and interest of the Franklin Water Power Company, successors in title to the Lewiston Water Power Company, to a strip three hundred feet in length extending northerly from Cedar street, and forty feet wide, or what was left of "Mill Street" between Main and Chestnut streets, after the railroad location was taken. As to this strip, there were no covenants in the deed.

The records of the city council did not show what notice of the hearing before the committee on highways, etc., had been given. Neither the original notice, nor a copy of it was preserved. This became, therefore, an issue of fact in the case. The city clerk, who prepared the notice at the request of the committee, testified to its contents; and it was admitted that the two places where it was posted were in the vicinity of the proposed way. It was also admitted that no notice of hearing was given, or hearing had on the original petition, before the city council.

*N. and J. A. Morrill*, for petitioners, Dorman & Co.

Committee had no jurisdiction to lay out proposed street.

Exclusive power is in city council. Its duty is judicial. *Lyon* v. *Hamor*, 73 Maine, 56; *Brimmer* v. *Boston*, 102 Mass. 19, 22; *State* v. *Delesdernier*, 11 Maine, 473. Lewiston city charter different from those of Portland and Bangor, where committees have power under charter or ordinance. *Jones* v. *Portland*, 57 Maine, 42, 45; *Preble* v. *Portland*, 45 Id. 241, 245; *Cassidy* v. *Bangor*, 61 Id. 434, 437. Power cannot be delegated unless expressly sanctioned by legislature. 1 Dill. Mun. Corp., 3d ed., § 96, p. 123, and note there cited.

No attempt was made, to confer upon committee duty, to lay out street. Committee proceeded regardless of city ordinance. Petition referred to committee without any instructions. Ordinance does not authorize committee to lay out street; provides only for preliminary examination, and assessment of damages. Notice, there provided, can only relate to hearing on damages. *Cassidy* v. *Bangor*, *supra*. Final decision, after notice and hearing, is with city council; that body must adjudicate upon the convenience and necessity of the proposed way. *Cassidy* v. *Bangor*, *supra*, R. S., c. 18, § 4.

Acceptance of committee's report does not adopt it. Ordinance requires both acceptance and adoption. *Dudley* v. *Weston*, 1 Met. 477; *Collins* v. *Dorchester*, 6 Cush. 396.

Due and legal notice not given by committee. Notice should have been that relating to public highways, and not to town ways. *Blackstone* v. *Worcester*, 108 Mass. 68.

No notice of hearing was given, or hearing had on original petition, before city council. Assuming committee did give notice, not sufficient, because that notice only applies to damages, and they had no authority to lay out. City council must pass upon question of necessity and convenience after hearing before them. *Ruggles* v. *Collier*, 43 Mo. 359 (affirmed on re-hearing) p. 375, approving *Thompson* v. *Schermerhorn*, 6 N. Y. 92; *East St. Louis* v. *Wehrung*, 50 Ill. 28; *St. Louis* v. *Clemens*, 52 Mo. 133; time to be fixed by council, and not by committee. *State* v. *Jersey City*, 1 Dutch. 309; *State* v. *Patterson*, 34 N. J. L. 163. Can not delegate power to committee. *Whyte* v. *Mayor*, 2 Swan (Tenn.) 364; *Smith* v. *Morse*, 2 Cal. 524; *Oakland* v. *Carpentier*, 13 Cal. 540; *Brooklyn* v. *Breslin*, 57 N. Y. 591.

Discretionary power of court in *certiorari: Spofford* v. *R. R.,* 66 Maine, 26, 48 ; in cases of wrong and injury, *Levant* v. *Co. Com.,* 67 Id. 429, 433 ; *Fairfield* v. *Co. Com.,* 66 Id. 385 ; *Bangor* v. *Co. Com.,* 30 Id. 270 ; want of notice, *Ware* v. *Co. Com.,* 38 Id. 492. See also *Parsonsfield* v. *Lord,* 23 Id. 511 ; *Windham, Petrs.,* 32 Id. 452 ; *Cornville* v. *Co. Com.,* 33 Id. 237. *Certiorari* proper remedy. *Baldwin* v. *Bangor,* 36 Maine, 518 ; *Gay* v. *Bradstreet,* 49 Id. 580 ; *Lee* v. *Drainage Comrs.* (Ill.) 14 West. Rep. 398.

Consent or acquiescence of petitioners, present with committee, gave them no jurisdiction to proceed beyond their authority.

Dedication to uses of land for street: Owners, if not entitled to damages, are to have notice of proceedings. *Howard* v. *Hutchinson,* 10 Maine, 335 ; *Warren* v. *Blake,* 54 Id. 276, 281. May use land for temporary purpose. *Bartlett* v. *Bangor,* 67 Maine, 460, 466.

Committee did not adjudge proposed way of common convenience and public necessity, as required by ordinances; nor did city council, as required by law. The report of committee that "common convenience and necessities of the city" required the location, does not meet either the requirements of the statutes or ordinances. Testimony not admissible to supply this defect.

There being no appeal from city council, strict observance of the law should be required. *Biddeford* v. *Co. Com.,* 78 Maine, 105.

*Newell and Judkins,* for respondents.

Notice of hearing sufficient. These petitioners appeared and made no objections.

Counsel argued that the evidence sustains the following facts and conclusions: that the description of the way contained in the notice, posted prior to the hearing was clear, definite, and unambiguous; that Mr. Straw, agent of the Union Water Power Company was present at the hearing, as the agent of the company, and in the discharge of his duty as agent, participating in the hearing and neither making objections to sufficiency of petition, the jurisdiction of the committee, nor sufficiency of the notice;

that public convenience and necessity require the location and construction of the proposed street.

Law : City council subject to such rules and regulations as govern municipal officers in locating town ways, and not those of county commissioners in laying out county ways. Town ways, and not county ways, are to be laid out by the city council. Description of way, by reference to plan, proper and legal. *Stone v. Cambridge,* 6 Cush. 270 ; Petition sufficient to give city council full jurisdiction. *Hayford* v. *Co. Com.,* 78 Maine, 153, 156 ; *Orland* v. *Co. Com.,* 76 Id. 462; *Raymond* v. *Co. Com.,* 63 Id. 112; *Acton* v. *Co. Com.,* 77 Id. 128.

Exclusive authority to lay out new streets, may be legally and constitutionally given to a city council. Committee, under proper ordinance, represent the city council and may give notices to appear. "Rules and restrictions" to be observed are those relating to town ways. Acceptance of committee's report, by city council, sufficient compliance with statute. Notice to appear before committee sufficient; notice and hearing before city council not necessary. *Preble* v. *Portland,* 45 Maine, 241 ; *Biddeford* v. *Co. Com.,* 78 Id. 106 ; *Cassidy* v. *Bangor,* 61 Id. 434.

No adjudication of "common convenience and necessity" required. *Limerick, Petrs.,* 18 Maine, 183 ; *Hebron* v. *Co. Com.,* 63 Id. 314. Ordinance makes "common convenience and necessity" a test. Committee reported "public convenience and the necessities of the city," &c. No difference in these terms. *Cushing* v. *Gay,* 23 Maine, 9, 16.

Dedication : *Bartlett* v. *Bangor,* 67 Maine, 460; *Stetson* v. *Bangor,* 73 Id. 357 ; *Godfrey* v. *Alton,* 52 Am. Dec. 476 ; *Guthrie* v. *New Haven,* 31 Conn. 321; *Hobbs* v. *Lowell,* 19 Pick. 405, 408 ; *Cincinnati* v. *White,* 6 Pet. 431, 437, and cases cited in 1 Dill. Mun. Corp. § 632 in note. *Cole* v. *Sprowl,* 35 Maine, 161 ; *Southerland* v. *Jackson,* 32 Id. 80. Dillon Mun. Corp. § 642 ; *State* v. *Bradbury,* 40 Maine, 154; *State* v. *Bunker,* 59 Id. 366 ; *Mayberry* v. *Standish,* 56 Id. 342. Way legally established, through vote of city council, by acceptance of its dedication by owner of the land. *Com.* v. *Fisk,* 8 Met. 238, 243. Vote of city council was an acceptance. *Todd* v. *Rome,* 2 Maine, 55 ; *Hopkins*

v. *Crombie,* 4 N. H. 520; *State* v. *Atherton,* 16 N. H. 203; *Noyes* v. *Ward,* 19 Conn. 250; *Browne* v. *Bowdoinham,* 71 Maine, 144, 149.

Petitioners, not injured by the laying out, not entitled to writ of *certiorari.* *Bath Bridge, &c.* v. *Magoun,* 8 Maine, 292; *Harkness* v. *Co. Com.,* 26 Maine, 353. Not entitled to even nominal damages. Per WALTON, J., in *Bartlett* v. *Bangor, supra.*

Certiorari: *Levant* v. *Co. Com.,* 67 Maine, 429, 433; *Porter* v. *Rochester,* 21 Barb. 656; *People* v. *Mayor,* 2 Hill. 10; *Rand* v. *Tobie,* 32 Maine, 450; *West Bath* v. *Co. Com.,* 36 Id. 74; *Furbush* v. *Cunningham,* 56 Id. 184; *Bethel* v. *Co. Com.,* 60 Id. 535, 539; *Detroit* v. *Co. Com.,* 35 Id. 373, 379; *Smith* v. *Co. Com.,* 42 Id. 395, 402; *McPheters* v. *Morrill,* 66 Id. 123, 126; *Vassalborough, Petrs.,* 19 Id. 338, 343; *Winslow* v. *Co. Com.,* 37 Id. 561, 563; *Noyes* v. *Springfield,* 116 Mass. 87, 88; *Pickford* v. *Mayor,* 98 Mass. 491, 496; *Chase* v. *Rutland,* 47 Vt. 393; *Londonderry* v. *Peru,* 45 Vt. 424, 429.

HASKELL, J. The petitioners ask for a writ of *certiorari,* to the end that the record of the city council of Lewiston, touching the laying out of Mill street in that city, may be quashed.

Upon notice, the city solicitor of Lewiston appeared and answered the petition by showing a certified copy of the record, and averring various facts supposed sufficient to influence the discretion of the court as to awarding the writ. None of these facts show how the record can be truthfully amended and made more perfect than it now is, save as to the notice, given by the committee, of the time and place of hearing; so that, with this exception, and possibly one other as to the petitioners' waiver of objection to authority of the committee, the case may be considered as though the writ had issued, and the record had been certified to the court for its inspection.

The record shows a sufficient petition for the location of the proposed street, and that the same was received by the city council and referred, in the usual course, to its committee on highways, for its action thereon.

I. It is contended that such reference was an unauthorized

delegation of authority, and, therefore, gave the committee no power to act in the premises.

By § 7 of the city charter, the city council is given "exclusive power and authority to lay out any new street or public way," in the manner provided by the law of the state for the laying out of "public highways."

By § 1, of c. 24, of the revised ordinances, the city council is authorized to refer any written application for the laying out of any street, highway, or private way, to the committee on highways; and the committee is required, after giving legal notice, to proceed and examine the premises, and, if in its judgment common convenience and public necessity require the laying out of the same, to estimate the damages sustained thereby, and report its doings in writing to the city council, as soon as may be; and the ordinance further provides that, after such report shall have been accepted and adopted by an order of the city council, such street, highway, or private way shall become established and known as a public street, highway or private way.

The city council, composed of two branches, can hardly be expected to give its attention as a body, in the first instance, to all the details incident to the various questions arising at a hearing involving the expediency of locating a new street, and of indemnifying those whose lands may be taken or damaged thereby. Undoubtedly, as the cases cited at the bar clearly show, it can not delegate its authority to a committee, to finally and irrevocably act in its place and stead. That is not the purpose and effect of the ordinance; but such purpose and effect merely are, in the first instance, to refer the matter to a committee to hear all parties interested, and determine what seems expedient action in the premises, and report the same to the city council, where the matter can then the more intelligently be considered and finally adjudged.

The city charter of Portland confers upon its city council exclusive authority to lay out, widen or otherwise alter, or discontinue the streets or public ways in the city, without petition therefor; but, unlike the charter of Lewiston, requires this to be done by a committee of the city council, after giving a specified notice of

the time and place of its proceedings; and requires an acceptance of the committee's report by the city council, before it shall become operative.

In *Preble* v. *Portland*, 45 Maine, 241, the expediency of widening Temple street, having been referred to a committee, upon the coming in of its report, the city council amended it, and ordered "that said committee be authorized and directed to alter said street" accordingly. The committee, having given the required notice of its proceedings, and heard the parties, proceeded to widen the street as directed, and made return to the city council, where the same was accepted.

In that case, it was objected that no notice of the widening of Temple street had been given by the city council as required by law. But the court said: "Neither the city council nor the committee had altered Temple street previous to the order to the latter" directing the alteration; "and, before any proceedings took place under the order, all parties had been legally notified of the time and place where they could be heard before the committee. The notice to appear before the committee is to be regarded as notice to be heard before the city council, to whom every thing material may be expected to be reported. *Harlow* v. *Pike*, 3 Greenl. 438."

The above language of the court applies with force to the case at bar; for, although the charter in that case provided for a hearing before a committee, just as the ordinance does in this case, yet, the court considered that the committee stood in the place of the city council for the purposes of hearing the parties, and of reporting the existing facts and necessities of the case to it, where final action must determine the validity and effect of the committee's doings; and that its notice served the purpose of a notice for a hearing before the city council. The cases are not exactly alike; but the doctrine of the court in the Portland case, when carefully considered, is very nearly decisive of the case at bar. The Portland charter compels procedure through the aid of a committee. The Lewiston city council determined, by ordinance, to adopt that method of procedure. The method in one case is compulsory; in the other case voluntary; but it is equally feasible and convenient in both.

The charter of Bangor, upon this subject, is like the charter of Lewiston; but, an ordinance of the Bangor city council provides for committing the matter to the board of street engineers instead of a committee of the council; and requires the engineers to report their doings for revision by, and subject to the determination of the city council.

In *Cassidy* v. *Bangor*, 61 Maine, 434, a petition to widen a street was referred to the board of engineers; and they, having given seven days' notice of the time and place of hearing, and having heard the parties, proceeded to widen the street and made report to the city council that was duly accepted.

It was objected there, as here, that the proceedings were void, because the council acted through, and by the aid of a subordinate body; and because of insufficient notice. But the court held the commitment to the engineers under the ordinance valid, and the notice sufficient, although the notice for estimate of damages was insufficient, under the requirements of a subsequent statute.

The cases of *Preble* v. *Portland* and *Cassidy* v. *Bangor* settle the contention of the petitioners adversely to them, and must govern the present case.

II. It is contended that the notice given by the committee of the time and place of hearing was insufficient, inasmuch as it was the notice provided by statute as a pre-requisite to the laying out of town ways, instead of highways.

The city charter requires the proceedings of laying out streets to conform to the laws relating to laying out "public highways." So does the charter of Bangor; and the court held in *Cassidy* v. *Bangor*, *supra*, the seven days' notice, applicable to town ways, sufficient. This view seems most natural and reasonable. The charter speaks of laying out "any new street or public way," neither of which would become a "highway," within the statute meaning of that word. They would become public ways or streets within the city, and under its exclusive control, the same as town ways are under the exclusive control of any town. The words "street or public highway," in the charter of Lewiston, are synonymous, and mean public ways or streets, and nothing else. The notice given by the committee must be held sufficient.

III. It is contended that the city council did not determine and adjudge that common convenience and necessity required the laying out of the way.

This contention is not sustained by the facts. The report of the committee expressly states the fact, and upon the coming in of the report, the city council ordered that the street, "as laid out and reported by the committee as aforesaid, be and is hereby accepted, allowed and established as a street or public way for the use of the city of Lewiston." This order adopts the findings of the report, and makes the adjudication of the committee the adjudication of the council.

But it is said that the adjudication is neither, that "common convenience and necessity" require the location, a pre-requisite named in the statute, nor that "common convenience and public necessity" require it, the pre-requisite called for by the ordinance, but is, that "public convenience and necessities of the city" require it.

The adjudication is neither in the exact phrase of the statute, nor of the ordinance; but it is the equivalent of both. It means, the public convenience and necessities of the citizens require the way; and it is hard to see why public convenience is not common to all.

*Petition denied with costs.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.