*H. N. Allin & G. L. Mayberry*, for the plaintiff.
*C. M. Ludden*, for the defendant.

HUDSON ELECTRIC LIGHT COMPANY *vs.* INHABITANTS OF HUDSON.

Middlesex.   January 21, 1895. — April 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Obligation of Town to purchase Electric Light Plant — Vote of Town — Right of Town to rescind Vote — Filing of Petition for Adjudication — "Apply by Petition" — Statute.*

The St. 1891, c. 370, § 1, authorized any city or town to purchase and maintain within its limits a plant for the manufacture or distribution of gas or electricity. Section 3 provided as follows : " No town shall exercise the authority conferred in section one until after a vote that it is expedient to exercise such authority shall have been passed by a vote of not less than two thirds of the voters present and voting at each of two legal town meetings duly called for the purpose, of which meetings the second shall be held at an interval of not less than two nor more than thirteen months after the first."   A warrant for a town meeting contained the following article: " To see if the town will vote to exercise the authority conferred in section one " of the statute, " or do or act anything respecting the same."   Under this article the town voted " that the town do exercise the authority conferred in section one " of the statute, more than two thirds of the voters present and voting having voted in the affirmative.   Another meeting was held more than two months later, at which there was a vote under an article in the same form as the other, and the language of the vote was the same as that at the former meeting, except that the words " that it is expedient for the town . . . to exercise the authority" were used instead of the words " that the town do exercise the authority."   At this meeting more than two thirds of the voters present and voting voted in the affirmative.   *Held*, that, considering the whole proceedings together, the first vote taken by the town was sufficient under the statute.

After a town has voted at two separate town meetings called as required by St. 1891, c. 370, § 3, that it is expedient to exercise the authority conferred by § 1 to purchase and maintain a plant for the manufacture or distribution of gas or electricity, after the schedule required by § 13 has been filed with the town clerk, and after a petition has been filed in this court under that section, to enforce the obligation of the town to purchase the petitioner's plant, the town cannot, by a subsequent vote, relieve itself from its liability so to purchase such plant.

The filing in the clerk's office of this court within the time required by St. 1891, c. 370, § 13, of a petition to enforce the obligation of a town to purchase an electric light plant, is an application by petition to this court for " an adjudication between the parties," within the statute.

PETITION, under St. 1891, c. 370, § 13, to enforce an alleged obligation of the respondent town to purchase the electric plant and other property of the petitioner.  Hearing before *Holmes*, J., who, at the request of both parties, reported the case for the consideration of the full court; such decree to be made as equity might require.  The facts appear in the opinion.

*S. K. Hamilton & R. E. Joslin*, for the petitioner.

*Samuel Hoar*, for the respondent.

KNOWLTON, J.  1.  The first question in this case is whether the vote taken on July 1, 1891, was such as is intended by the St. 1891, c. 370, § 3.  The language of the statute is as follows : " No town shall exercise the authority conferred in section one until after a vote that it is expedient to exercise such authority shall have been passed by a vote of not less than two thirds of the voters present and voting at each of two legal town meetings duly called for the purpose, of which meetings the second shall be held at an interval of not less than two nor more than thirteen months after the first."  The article in the warrant under which the vote was taken was, " To see if the town will vote to exercise the authority conferred in section one of chapter 370 of the Acts of the Legislature of the Commonwealth of Massachusetts for the year eighteen hundred and ninety-one, entitled, An Act to enable cities and towns to manufacture and distribute gas and electricity, or do or act anything respecting the same."  The vote was, " That the town do exercise the authority conferred in section one of chapter 370," etc., more than two thirds of the voters present and voting having voted in the affirmative.  Another meeting was held on September 2, 1891, at which there was a vote under an article in precisely the same

form, and the language of the vote was the same as that at the former meeting, except that the words "that it is expedient for the town of Hudson to exercise the authority" were used instead of the words "that the town do exercise the authority." At this meeting more than two thirds of the voters present and voting voted in the affirmative.

To the former vote it is objected that the words "it is expedient" were not used. But, considering the whole proceedings together, we are of opinion that the action of the town was taken under the section referred to, and that the vote must be taken to be a formal decision by the town that it is expedient to exercise the authority conferred by the statute. There is no other reasonable explanation of the town's action at this meeting. The determination by the town to exercise the authority necessarily included a decision that it was expedient to exercise it. The meaning of the vote is to be gathered from the entire record, and we are of opinion that the record makes its meaning clear.

2. It is contended that the votes of the town taken after the petitioner filed with the town clerk the schedule required by § 13 of this statute, and after this petition was filed with the clerk of the Supreme Judicial Court, relieved it from its liability to purchase the property of the petitioner.* But it has been expressly held that the two votes of the town in a case like this fix the rights of a party that desires to sell a gas or electric plant, and if proper measures are taken to enforce its rights they cannot be affected by a subsequent attempt on the part of the town to rescind. *Citizens' Gas Light Co.* v. *Wakefield,* 161 Mass. 432. *Braintree Water Supply Co.* v. *Braintree,* 146 Mass. 482. *Hall* v. *Holden,* 116 Mass. 172.

3. In order to enforce its rights under the votes it was necessary for the petitioner, under § 13, not only to file with the clerk

---

* At town meetings held on September 16, 1891, and January 8, 1892, respectively, two successive committees were appointed by the defendant town to investigate the whole subject of municipal lighting. These committees successively reported, recommending that the town should not engage in the business of municipal lighting. At a town meeting held on March 15, 1892, a motion "that the town deems it expedient to buy or put in an electric plant" was rejected; and the reports of the committees were accepted and adopted.

of the town within thirty days after the passage of the final vote a schedule of the property to be sold, but also within sixty days after the filing of the schedule to " apply by petition to the Supreme Judicial Court, or any justice thereof, setting forth the facts, and praying an adjudication between the parties," etc. The petition in this case, which is in accordance with the requirements of the statute, was filed in the office of the clerk of the Supreme Judicial Court within the time prescribed, but it was not brought to the attention of any justice of the court, nor were any proceedings had under it until about two years and a half afterwards.  It is contended that the filing of this petition in the clerk's office was not an application to the court within the meaning of the statute, and that therefore the petition must be dismissed.   Ordinarily it would seem that to file such a petition in the office of the clerk of the court is to " apply by petition " to the court, for when such a petition is filed it is before the court for appropriate action in accordance with its prayer. Any party interested in it can bring it to the attention of a justice and have proceedings taken under it.  Suits that are to be commenced by filing a petition in court are usually deemed to be commenced at the time of the filing, and we think we are not warranted in giving to this statute a construction different in this particular from that generally given to similar requirements.   Pub. Sts. c. 49, § 106; c. 178, §§ 2, 7; c. 191, § 10. Under St. 1885, c. 384, § 2, the Supreme Judicial Court is always open in every county, and there are no longer any terms thereof.   The petition when filed was before the court for immediate action.   We are of opinion, therefore, that the petitioner applied by petition to the court within the meaning of the statute when it filed its petition in the clerk's office, and that this part of the defence fails.   Whether there was any such act or neglect on the part of the petitioner, in connection with the filing of the petition or subsequently thereto, as to preclude the prosecution of the petition on the ground of laches, depends upon facts and considerations that are not fully reported.

   Commissioners are to be appointed, unless an application is made by the respondent for a hearing on the question whether the petitioner lost its right to proceed by its failure to prosecute the petition within a reasonable time after it was filed.

*So ordered.*