FRANK J. CURRIER *vs.* DANIEL B. BEARD, executor.

Essex. November 6, 1913.— November 12, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Appeal. *Police, District and Municipal Courts,* Appeal, Petition to affirm judgment. *Rules of Court. Waiver.*

Under R. L. c. 157, §§ 22, 23, a petition to affirm a judgment of a district court on the ground that an appeal from it has not been entered is filed seasonably if it is filed within one year from the time when the appeal should have been entered, although it is not filed within one year from the time when the appeal was claimed.

One, who has filed a motion to dismiss a petition to affirm a judgment of a district court on the ground that such petition was not filed seasonably, has waived the right to ask to have the petition dismissed on the ground that no notice of it was served on him as required by Standing Order 1 of the Superior Court; and such second ground for dismissal, if inserted in the same motion which asserts the first, must be refused consideration as waived in the making of the motion.

RUGG, C. J. This is a petition brought on June 5, 1912, to affirm a judgment entered in the plaintiff's favor in a district court, appeal from which the defendant failed to enter seasonably in the Superior Court. R. L. c. 157, § 22.

The appeal should have been entered on the first Monday of June, 1911, which was June 5. No motion was made for a late entry by the defendant as the appealing party under R. L. c. 157, § 23. On September 20, 1912, the defendant filed a motion to dismiss the plaintiff's petition on the grounds, first, that it was not filed within one year from the date when the appeal was claimed, and second, that no proper notice was given to the defendant of the filing of the petition.

The motion cannot be supported on the first ground. The petition was filed within the one year from the time when the original appeal should have been entered. This is all that is required by the statute.

The second objection is based on Standing Order 1 of the Superior Court, in force since the first Monday of July, 1906, to the effect that, "Upon the filing . . . of a complaint

founded on an omission to enter an appeal, notice shall be issued on such petition or complaint to be served on the adverse party." But for such a standing order or rule no notice would have been necessary. *Noyes* v. *Sherburne,* 117 Mass. 279. The defendant's voluntary appearance for the purpose of filing a motion to dismiss the petition on the ground that it was not seasonably filed was in law a waiver of want of proper notice. A motion to dismiss on the single ground that no notice was given possibly might have been construed as a special appearance and preserved his right to rest upon that ground. In order to prevail upon such ground the party must appear specially and confine his pleading to the specific point of want of service. The combination of these two grounds in one motion involved a waiver of the contention that he had received no notice of the petition. A party pursuing such a highly technical course must confine himself strictly within its limits in order to prevail.

> *Denial of motion to dismiss affirmed; allowance of petition affirmed.*

*D. B. Beard,* pro se.

*E. S. Underwood & R. T. Woodruff,* for the petitioner, submitted a brief.