MAYOR OF REVERE *vs.* SPECIAL JUDGE OF THE DISTRICT COURT OF CHELSEA.

Suffolk. November 16, 1927. — February 28, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Civil Service*, Review of removal. *District Court. Jurisdiction. Practice, Civil*, Appearance. *Words*, "Bring."

Jurisdiction of a district court to hear and determine a petition for review under G. L. c. 31, § 42B, by a police officer who has been removed under § 42A, depends not only upon its being filed in court within the period specified by § 42B, but also upon process being issued upon it within such period.

Where final hearing by the mayor of a city of charges against a police officer was held on August 13, 1925, and a petition by the police officer for review under G. L. c. 31, § 42B, was filed in a district court on August 22, 1925, but no order of notice upon the petition was issued until May 14, 1926, it was *held*, that a writ of certiorari should issue to quash the record of the District Court reviewing the action of the mayor in removing the police officer.

The facts, that, even if process on the petition had issued within the thirty days specified in said § 42B, the hearing in the District Court would have been postponed pending final disposition of an indictment against the police officer for offences specified in the mayor's charges; and that the petition for review was brought forward within a reason-

able time after a verdict of acquittal upon such an indictment, were immaterial.

It *was stated*, that lack of jurisdiction on the part of the District Court over the subject matter of the above described proceedings, by reason of failure of the police officer to bring the petition for review within the stated period, could not be cured by a general appearance in the District Court by the mayor.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on May 10, 1927, for a writ of certiorari to quash the record of the District Court of Chelsea upon a petition to review the action of the petitioner in making a removal under the civil service law.

The petition was heard by *Braley*, J., who declined to rule as matter of law that upon the petition and the return the record should be quashed, and who dismissed the petition and reported the case for determination by the full court.

The case was submitted on briefs.

*J. A. DiPesa, A. D. Diamond & P. Mondello*, for the petitioner.

*J. P. Feeney & T. H. Mahony*, for the respondent.

RUGG, C.J.   This is a petition for a writ of certiorari to quash the record of the District Court of Chelsea made upon a petition to review the action of the mayor of Revere in making a removal under the civil service law.   The petitioner as mayor, after a hearing and upon written charges, removed a lieutenant of police from the police force of Revere. The final hearing before the mayor was held on August 13, 1925, and on the following day the mayor notified the lieutenant that he had been found guilty on specified charges and discharged from the police force to take effect on that day. These proceedings were in accordance with § 42A, inserted in G. L. c. 31, by St. 1923, c. 242, § 1.   On August 22, 1925, the lieutenant filed a petition in the District Court of Chelsea seeking a review of the decision of the mayor.   No order of notice on this petition was applied for or issued until May 14, 1926.   The order of notice then issued was served on the mayor three days later.

Prior to the introduction of any evidence in the District Court on the petition for review, the mayor filed a written

motion to dismiss that petition on the ground that the court was without jurisdiction. The reason stated in argument in the District Court in support of that motion was in effect that, by reason of delay in taking out and serving the order of notice on the petition, there had been no compliance with the essential terms of the governing statute. The cause for this delay in procuring and serving notice on the petition, as stated by counsel for the lieutenant in argument on the motion to dismiss, was that on August 16, 1925, the lieutenant was indicted for offences specified in the charges of the mayor; that the trial upon that indictment was concluded by an acquittal on April 16, 1926; that while the indictment was pending "no court would have granted a hearing" on that petition for review and "no reinstatement would have been made under those circumstances"; and that, within a reasonable time after the verdict of acquittal on the indictment, the petition for review was brought forward. The facts above stated appear to have been accepted as true. The motion to dismiss was denied.

The material words of the controlling statute are these, found in § 42B, added to G. L. c. 31 by St. 1923, c. 242, § 1: "Within thirty days after a hearing provided for by the preceding section, the police officer who was removed . . . may bring a petition in the district court . . . praying that the action of the officer . . . in removing . . . him . . . may be reviewed by the court, and after such notice to such officer . . . as the court deems necessary, it shall review such action, hear any or all of the witnesses and determine whether or not upon all the evidence such action was justified." The question is whether the discharged lieutenant of police complied with this statutory requirement by filing such petition well within the thirty days prescribed and by not taking out nor asking for an order of notice thereon until more than eight months later.

The general rule is that a proceeding is not "brought," at least so far as concerns the defendant, until process has been issued from the appropriate court in good faith intending or making an effort to serve it. That this is the rule in equity was established upon great consideration and after

review of numerous authorities in *International Paper Co.* v.
*Commonwealth,* 232 Mass. 7.   In *Society for Propagating the
Gospel* v. *Whitcomb,* 2 N. H. 227, 228, 229, the question for
decision was the correct interpretation of a statute to the
effect that "no action of review shall be brought after the
expiration of" three years from a designated event.   It there
was said, "the word 'brought,' means the procurement of it
[the writ] with a view to service upon the opposite party.
. . . So the word, 'brought,' means obtained or gotten; and
signifies the same as sued out."   In *Blain* v. *Blain,* 45 Vt.
538, at page 543, it was said by Redfield, J., "We are not
aware that the making a writ or petition, without summons
or citation, and signed by no magistrate or judicial authority,
has ever been held the commencement of the suit, or the
'bringing of the petition or bill.'"   *Waxahachie* v. *Coler,*
92 Fed. Rep. 284, 286.   *Seaver* v. *Lincoln,* 21 Pick. 267.

It was not the design of said § 42B that the mere filing of
the petition for review should be enough to bring the de-
fendant into court because there is an express requirement
for the service of such notice as the court deems necessary.
There are cited in the brief for the respondent numerous
statutes, mostly relating to matters already pending in
court, where provision is made for appeal or review without
requirement for notice.   These have no pertinency to the
question here presented.   Regulation of appeals and reviews
is within the power of the General Court.   Because it has
seen fit not to require notice in some instances, manifestly
is no ground for judicial nullification of an express legislative
requirement for such notice in other instances.   We can
only interpret and apply the words of the governing statute.
It is significant that the statutory requirement is that the
person removed must "bring" and not merely "file" a
petition within the specified time.   These two are words of
different signification.   The word "file" with respect to
petitions in court occurs not infrequently in our statutes.
See, for example, G. L. c. 79, §§ 14, 16; c. 241, §§ 2, 7; c. 254,
§§ 5, 8.   *Gorski's Case,* 227 Mass. 456, 460.   *Chapin* v.
*Kingsbury,* 135 Mass. 580.   *Cheney* v. *Assessors of Dover,*
205 Mass. 501.   Its signification is well understood.   *Thorn-*

*dike, petitioner,* 252 Mass. 154. Presumably a different purpose was intended by the use of "bring" rather than "file" in the statute controlling the case at bar. There is every reason to construe the statute here under review with some strictness. It is provided by said § 42B that if the decision of the executive officer making the removal is reversed by the District Court upon such petition for review, "the petitioner shall be reinstated in his office without loss of compensation." The whole proceeding concerns those holding positions in the public service. It is important that proceedings designed to test the validity of removals under the civil service law be speedily determined to the end that the public service be disrupted as little as possible. Moreover, if one is to be reinstated "without loss of compensation," it cannot be thought that the Legislature intended to permit him to delay beyond the designated period in causing notice to be given of his contest. It would be unusual to allow one to extend at his own option the period of possible receipt of compensation without rendering service in return. Any other conclusion would tend to defeat the purpose of the thirty-day limitation, might impose an undue burden upon the taxpayers, and would be likely to introduce confusion into the administration of city affairs.

We are of opinion that said § 42B, here involved, creates the right of review upon the condition precedent, that the petition therefor must be brought, that is, it must be filed in court and process must issue upon it, within the stated period; that time has thus been made of the essence of the right and the right is lost if not exercised within the stated time; and that the limitation of the remedy is a limitation of the right. In this respect the case at bar falls within the class illustrated by *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13, and *L'Huilier* v. *Fitchburg,* 246 Mass. 349, 352, and cases collected in each decision. On this point it is distinguishable from *Hudson Electric Light Co.* v. *Hudson,* 163 Mass. 346, for the reasons stated in *International Paper Co.* v. *Commonwealth,* 232 Mass. at page 13.

It is of no consequence in this connection whether the hearing in the District Court upon the petition would have

been postponed to await the final disposition of the indictment against the lieutenant of police. Whether there ought to have been such postponement was a question upon which the mayor had a right to be heard after he had been properly brought before the court. It was not a matter for the petitioner for review to settle for himself.

It is stated in the brief for the respondent in the case at bar that the mayor filed a general appearance in the petition for review, and that hence there was a waiver of all process under the doctrine of *Currier* v. *Beard*, 216 Mass. 113, and *Riley* v. *Brusendorff*, 226 Mass. 310. This contention is not supported by the return of the record set forth by the respondent. The docket entries there disclosed fail to show any general appearance by or in behalf of the mayor. Moreover, the motion to dismiss for want of jurisdiction appears to have been presented as the first step by the mayor with respect to that petition. But, however that may be, the jurisdiction of the District Court depended upon the bringing of the petition within the time specified. Want of jurisdiction over the subject matter of a proceeding cannot be cured by appearance. *Locomobile Co. of America* v. *Commonwealth*, 232 Mass. 16. The record does not raise the point whether a general appearance by the mayor subsequent to the filing of the petition but before the expiration of the thirty days after the hearing, provided by § 42A (added to G. L. c. 31 by St. 1923, c. 242, § 1, as amended by St. 1925, c. 220, § 2), would give jurisdiction to the court.

Our conclusion is that the petition for review was not brought within the time limited by the terms of said § 42B, and hence that the district court acquired no jurisdiction to hear and decide that petition on its merits.

*Writ to issue.*