LUCY M. GEORGE ET AL. *v.* CITY OF WELLSBURG ET AL.

(No. 7090)

Submitted March 1, 1932.    Decided March 8, 1932.

*R. L. Ramsay, W. S. Wilkin,* and *C. K. Jacob,* for appellants.

*Handland, Garden & Matthews,* for appellees.

LIVELY, JUDGE:

The purpose of this suit is to restrain the municipal authorities of the city of Wellsburg from improving a part

of Pleasant Avenue in said city under a contract entered into between the city and Armstrong & Company, a contractor, dated September 12, 1929. Upon final hearing, the temporary injunction was made permanent and the city appeals.

The bill sets out that the plaintiffs are owners of land abutting on Pleasant Avenue, and charges that the council did not conform to the requirements of section 4, chapter 63, Act 1925, now Official Code, 8-9-5, in that the council did not pass a resolution declaring the necessity of the improvement; did not publish the resolution to that effect; did not pass any resolution showing the general nature of the improvements or the grade of the street; did not serve any notice on complainants that the improvement would be made or declaring the necessity for such improvement; that the improvement was unnecessary; and that the improvement proposed to be made will widen by five feet Pleasant Avenue, and by this method will take properties of the complainants without due process of law. The prayer of the bill is for a permanent injunction against the improvement of this street under that contract.

The answer specifically denies these charges in the bill, and on the contrary, avers that the council has complied with every requirement of the statute; denies that any of complainants' property will be taken or damaged by the improvement; and denies that there is no necessity for the improvement: on the contrary, it avers that the street was formerly a public road of the width of thirty feet and that the same is now unsafe for automobile traffic and is dangerous to the persons using the same.

Upon the final hearing, the chancellor came to the conclusion that the council had not complied with the statute, and perpetuated the injunction for that reason alone.

One of the principal contentions, as shown by the bill and answer and the evidence taken, was that the council had no right to widen the street to a width of thirty-five feet. The evidence shows that the right of way was thirty feet definitely located on the ground, and that the improvement was within this right of way, and does not take any of complainants' land. As above stated, the chancellor did not pass on

this part of the controversy, as shown by the memoranda filed by him, and therefore the proposition of law relied upon by complainants to the effect that a finding of fact by a chancellor upon conflicting evidence will not be disturbed by the appellate court unless against the plain preponderance of evidence, does not apply, so far as that main controversy is concerned. The proposition that the procedure was not complied with (on which the chancellor based the injunction), is controlled by the procedural acts of the city, as shown by its records, and does not depend upon conflict of evidence. We find no basis for the permanent injunction on the claim that the city had no right to improve the street at a width of thirty-five feet, or on the claim that it was taking a part of complainants' land without due process; or that there was no necessity for the improvement of the street. The necessity for improvement of a street is peculiarly within the discretion of the council, and the courts will not interfere unless it appears that the council has acted capriciously, fraudulently, or in bad faith. *Huntington* v. *Holding Co.*, 85 W. Va. 241. No such showing appears in this case. We therefore will consider the ground on which the decree is based, namely, whether there has been a compliance with the procedure laid down in the statute.

The statute, now Code 1931, 8-9-5, reads: ''Whenever it is deemed expedient by the council to provide for grading, paving * * * any street or alley therein, to be paid for in whole or in part by special assessments, such council shall declare, by resolution, three-fifths of the whole number elected thereto concurring, by an aye and nay vote, the necessity for such improvement. At the time of the passage of such resolution the council shall have on file in the office of the recorder or clerk of the town, plans, specifications, estimates and profiles of the proposed improvement, showing the proposed grade of the street and the proposed improvement, at the completion, with reference to the property abutting thereon, which plans, specifications, estimates and profiles shall be open to the inspection of all persons interested. Such resolution shall determine the general nature of the improvement, what shall be the grade of the street, alley or other

public space to be improved, as well as the grade or elevation of the curbs, and such council shall approve the plans, specifications, estimates and profiles for the proposed improvement.'' The statute then requires the council to determine the method of paying for the work, whether by payment out of the treasury of funds unappropriated, or by the issuance of certificates, or whether bonds shall be issued in anticipation of collection by special assessment. The statute says that before any such resolution shall be passed, providing that improvement shall be made, the same to be paid for by assessments against the abutting property, at least thirty days' written notice of the intention to pass such resolution shall be served on each of the abutting property owners in the manner provided in sections 1 and 2, article 2, chapter 56, Code. The resolution for declaring the necessity for the improvement shall be published at least once a week for two successive weeks after its adoption in two newspapers of general circulation, and of opposite politics, in the town in which such improvements are to be made; and if there are not two newspapers of general circulation, of opposite politics in the town, then publication in one newspaper of general circulation therein must be made.

Did the council comply with these requirements? It becomes necessary to detail, with tedium, what was done by the council at each meeting until the passage of the resolution and award of the contract. The first step made for the improvement of Pleasant Avenue was begun on May 7, 1929, when a resolution was introduced to improve with concrete, brick, asphalt, resurfacing material or other permanent improvement, Pleasant Avenue from 12th and Commerce Streets to 22nd Street, and a motion carried, that notices and publication be made in compliance with the resolution. That resolution declared that the council deemed it expedient to improve Pleasant Avenue, and that it was deemed necessary to have plans, estimates, specifications and profiles made; and that the whole cost be assessed against the abutting owners, to be paid for by issuance of certificates as provided by law, and that written notice of the intention to pass the resolution be given to the abutting property owners by personal service,

and by publication thirty days before its passage in order that they might be heard for or against its passage, and fixed July 2, 1929, at Council Chamber at 7:30 P. M. for hearing the abutting owners. A copy of the resolution in full was served on most of the abutting property owners on May 31st, and June 1st, 1929. It seems that complainants Maude, Helen and W. C. Duvall, and Anna P. Dalzell were not served with personal notice, but they appeared later by W. H. Duvall about July 6, 1929, and protested against the passage of the resolution. On July 2nd the resolution came up a second time, protest by landowners was filed, and the resolution adopted by a six to one vote. But a motion was carried directing the city attorney to draw up an agreement to be signed by the property owners agreeing to pay for the repair of the two streets. Advertisement for bids was directed, the bids to be received and considered at next regular meeting. On July 17th a petition of property owners on the two streets asking repair of the streets and that the expense be charged to the signers was filed, on which no action was taken. The action of the council on the resolution taken on July 2nd, was reconsidered. The next meeting was on August 6th when the engineer was ordered to make a trial survey for thirty feet on Pleasant Avenue. On August 20th the resolution came up for final passage. The plans and specifications were presented and adopted with an unimportant change as to the finish. The resolution for the improvement was adopted by a vote of six to one, and on August 23rd and 24th a copy of the resolution as adopted was served on the abutting owners, as required by Official Code, 8-9-6. On August 27th bids were opened, and advertisement for further bids directed. On September 10th the resolution for improvement was again voted upon and carried by a vote of seven to one. The bids were opened, and the contract awarded to defendant Armstrong & Co. Two days later the contract sought to be enjoined was entered into between the city and the successful bidder, accompanied by an indemnity bond. Soon thereafter this suit was begun.

Plaintiffs rely upon the well settled law that where the statute prescribes the mode by which a municipality may proceed, that mode must be followed, otherwise there has

been an abuse of power, citing 19 R. C. L. 888, sec. 188; *Stevens* v. *Smith*, 10 Wall. 321; 19 L. Ed. 933. Defendants, however, assert that the statutory mode has been followed. To support their contention, plaintiffs assert that council did not pass a resolution of necessity for the improvement of Pleasant Avenue. It will be noted that the council at its first meeting, May 7th, decided to improve the street and deemed it *expedient* to be done. While the word "necessity" does not appear in any of the records of the council, it is quite evident that the improvement was regarded as a necessity. If it was not necessary and useless, the council would not likely have ordered the improvement. The declaration of necessity need not be by formal statement in the precise words of the statute. *Hipple* v. *Bates County*, 223 Fed. 22; *Hudson &c.* v. *Hudson*, 163 Mass. 346, 40 N. E. 109; *Paxton* v. *Bonner*, 172 Mo. App. 479, 157 S. W. 986; *Sheehan* v. *Martin*, 10 Mo. App. 285; *Royal* v. *DeMoines*, 195 Io. 23, 191 N. W. 377; *Dorman* v. *Lewiston*, 81 Me. 411, 17-A, 316 (where a statement of "common convenience" was held to satisfy a statute providing that the resolution shall declare the improvement to be a "public necessity"); *Spaulding* v. *Baxter*, (Ind.) 58 N. E. 551; and *Rector &c.* v. *Higgins*, N. Y. Supreme Ct. (4 Robertson's Repts. p. 1). The resolution to make the improvement was a substantial compliance with the requirement of a declaration of necessity.

It is contended that there were no plans, specifications, estimates and profiles of the proposed improvements on file at the time of the passage of the resolution. Plans, specifications, estimates and profiles for the work were called for as expedient in the resolution, and the meeting of August 20th recorded the filing of plans and specifications and adoption of same. The contract with the contractor shows plans and specifications in detail. The purpose of the statute in requiring the plans, estimates, etc., to be on file at the time of the passage of the resolution was to give notice to all persons concerned of the exact nature of the improvement and the estimated cost. The bill charges that the statute was not complied with in this respect, and the answer denies that charge. The burden was on plaintiffs to sustain their charge.

In the absence of proof of the contents of the plans and specifications made by the engineer and approved by the council, other than the plans and specifications in evidence with the contract, we must presume that the statute was complied with, and that the public officers performed their duty. Plaintiffs have not rebutted, nor attempted to rebut, that presumption. The statute requires that these plans, etc., be on file at the time of the passage of the resolution, and the argument that they should be on file for at least thirty days prior to passage is untenable. The last adoption of the resolution was on September 10th, and the plans, etc., were filed on August 20th preceding. This would give all persons interested resasonable time before the passage to ascertain the full character and estimated cost of the proposed improvement.

The remaining contention is that the abutting property owners did not have thirty days' notice of the intention to pass the resolution. Notice that the resolution would come before the council for consideration on July 2nd was served on nearly all of the protestants on May 31st and June 1st, while many of those served, and those not served, made written protest against the improvement, on or about July 6th. Evidently they had actual notice of the proposed improvement. The matter was pending from May 7th to September 10th, with the notices publications and protests above set out, and we are constrained to hold that all of complainants were advised of the proceeding to improve the street before their doors more than a month before the final passage.

The statute was substantially complied with, and the decree will be reversed and the bill dismissed.

*Reversed; Bill dismissed.*